LIVELY, Chief Judge.
 

 In this case we hold that a debtor, rehabilitated through Chapter XI bankruptcy proceedings, remains liable to the United States for post-petition interest on delinquent “abandoned mine reclamation fees.” (Post-petition interest is that which accrues after bankruptcy proceedings are commenced.) Before reaching this conclusion it was necessary to determine that these charges, though denominated “fees” in the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201 et seq. (1982) (the Act), are in fact “taxes.”
 

 I.
 

 One of the purposes of the Act, stated in § 102(h), is to promote reclamation of those areas that were mined before passage of the Act, and which continue to degrade the environment, prevent beneficial uses of land and water resources or endanger public health. 30 U.S.C. § 1202(h). The costs of this endeavor are to be paid from a trust fund established by § 401 of the Act, known as the Abandoned Mine Reclamation Fund. 30 U.S.C. § 1231. The fund con
 
 *1105
 
 sists primarily of money deposited by coal operators as required by § 402, 30 U.S.C. § 1232, which provides in pertinent part as follows:
 

 § 1232. Reclamation fee
 

 (a) Payment; rate
 

 All operators of coal mining operations subject to the provisions of this chapter shall pay to the Secretary of the Interior, for deposit in the fund, a reclamation fee of 35 cents per ton of coal produced by surface coal mining and 15 cents per ton of coal produced by underground mining or 10 per centum of the value of the coal at the mine, as determined by the Secretary, whichever is less, except that the reclamation fee for lignite coal shall be at a rate of 2 per centum of the value of the coal at the mine, or 10 cents per ton, whichever is less.
 

 (b) Due date
 

 Such fee shall be paid no later than thirty days after the end of each calendar quarter beginning with the first calendar quarter occurring after August 3, 1977, and ending fifteen years after August 3, 1977, unless extended by an Act of Congress.
 

 All three defendants in this action removed coal from surface mines during the fourth quarter of 1977, and River Coal Co., Inc. also removed coal during the first quarter of 1978. They filed the required reports, but failed to pay the reclamation fees within 30 days after the end of the quarter as required by § 402. It is agreed that the amount due was $116,345.68. In March 1978 the defendants and other related companies filed a petition in the bankruptcy court for the Southern District of New York seeking a plan of arrangement pursuant to Chapter XI of the Bankruptcy Act. The government filed a proof of claim in the bankruptcy proceedings for the delinquent reclamation fees. No interest had accrued at the time of the filing of the petition and the government made no claim in bankruptcy for interest. A plan of arrangement was worked out and confirmed by the bankruptcy court on June 9, 1981, and shortly thereafter the claim for reclamation fees was paid in full.
 

 Meanwhile, the Secretary of the Interior issued an amended regulation which required the payment of interest on delinquent reclamation fees. Interest on delinquent fees for the fourth quarter of 1977 began to accrue, under the amended regulation, on June 15, 1978, and would run until the date of payment. 30 C.F.R. § 870.15(e) (1979). This action was filed on August 25, 1982 to recover interest on the delinquent payments from June 15, 1978 to June 26, 1981, the date the reclamation fees were paid.
 

 The defendants denied liability, contending that no post-petition interest accrued as a matter of law on delinquent fees which were paid in full under the Chapter XI plan of arrangement. The defendants also asserted that the government was estopped to make a claim for post-petition interest after having participated in negotiations for the plan of arrangement without ever indicating that it was claiming anything other than the delinquent reclamation fees. The defendants alleged in their answer that they had relied, reasonably, on the position of the plaintiff in assuming that no claim would be made for interest, and that it would be inequitable to permit recovery of interest after the plan of arrangement was approved and the bankruptcy proceedings were closed.
 

 The parties filed cross-motions for summary judgment, agreeing that there were no genuine issues of material fact to be decided. The district court entered judgment for the defendants upon concluding as a matter of law that, having received full payment of the delinquent fees pursuant to the plan of arrangement, the government was not entitled to post-petition interest. In reaching this conclusion the district court followed an earlier decision by another judge of the same court. See
 
 In re Vaughan,
 
 292 F.Supp. 731 (E.D.Ky.1968).
 

 II.
 

 The district court and the government proceeded in this case on the assumption
 
 *1106
 
 that the abandoned mine reclamation fees are taxes. Under § 17 of the Bankruptcy Act,
 
 [1]
 
 11 U.S.C. § 35(a)(1) (1976), a discharge in bankruptcy does not release a debtor from “taxes which became legally due and owing by the bankrupt to the United States ... within three years preceding bankruptcy.” On appeal the defendants argue that the “fees” are just that, not “taxes,” and therefore are not nondischargeable debts within § 17. In making this argument the defendants liken the reclamation fees to permit fees which a coal operator must pay for the privilege of conducting surface mining. 30 U.S.C. § 1252(a).
 

 The fact that Congress labeled the reclamation charge a fee rather than a tax is not controlling. In
 
 National Cable Television Assn., Inc. v. United States,
 
 415 U.S. 336, 94 S.Ct. 1146, 39 L.Ed.2d 370 (1974), the Supreme Court identified some of the differing characteristics of taxes and fees. Congress may impose a tax without regard to the benefits bestowed on the taxpayer, considering only the need for revenue to fund the government’s public functions. “A fee, however, is incident to a voluntary act,
 
 e.g.,
 
 a request that a public agency permit an applicant to practice law or medicine or construct a house or run a broadcast station. The public agency performing these services normally may exact a fee for a grant which, presumably, bestows a benefit on the applicant, not shared by other members of society.”
 
 Id.
 
 at 340-41, 94 S.Ct. at 1148-49. The test has been variously stated, but the chief distinction is that a tax is an exaction for public purposes while a fee relates to an individual privilege or benefit to the payer. In a case in which it determined that “premiums” under a worker’s compensation law were “taxes” for purposes of priority under the Bankruptcy Act, the Court of Appeals for the First Circuit found the test to be “whether the government compelled the employer to pay the exaction and whether the payment was for a public purpose.”
 
 In re Pan American Paper Mills, Inc.,
 
 618 F.2d 159, 162 (1st Cir.1980).
 

 There is a clear distinction between the permit fee requirements of the Act and abandoned mine reclamation fees. The permit fee is charged for the privilege of carrying on mining operations. The permit is issued at the request of an operator and bestows an individual benefit — the privilege of operating a surface mine — on the applicant. It is similar to a license to practice a profession or to conduct a broadcast station. The abandoned mine reclamation fee is quite different. It is imposed as an additional charge on operators who have already received permits. Unlike the permit fee, the reclamation fee does not confer a benefit on the operator different from that enjoyed by the general public when environmental conditions are improved. On the contrary, it is an involuntary exaction for a public purpose — to create a fund to be used for “reclamation and restoration of land and water resources adversely affected by past coal mining.” 30 U.S.C. § 1231(c)(1). The reclamation fee has the essential characteristics of a tax, and we conclude it is a “tax” for the purposes of § 17 of the Act.
 

 III.
 

 The “general rule” that a creditor is allowed interest on his debt only to the time a petition in bankruptcy is filed has no application to nondischargeable debts being asserted against the bankruptcy debtor and not against the bankruptcy estate. In
 
 Bruning v. United States,
 
 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964), the Supreme Court distinguished nondischargeable debts from others in permitting recovery of post-petition interest:
 

 In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to
 
 *1107
 
 prompt repayment and, thus, an integral part of a continuing debt. Interest on a tax debt would seem to fit that description. Thus, logic and reason indicate that post-petition interest on a tax claim excepted from discharge by § 17 of the Act should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.
 

 376 U.S. at 360, 84 S.Ct. at 907. As in
 
 Bruning,
 
 the government, in the present case, made a claim against the debtor personally for a debt which was not discharged; it was not a claim against the bankruptcy estate.
 

 The
 
 Vaughan
 
 decision, relied on by the district court in rejecting the government’s claim in this case, involved income taxes, and the plan of arrangement provided for payment of the taxes plus penalties and interest to the date the petition in bankruptcy was filed. In seeking to collect post-petition interest in
 
 Vaughan
 
 the government conceded that it could collect such interest only from the debtor individually as incident to a nondischargeable debt, and not from the bankruptcy estate. The district court in
 
 Vaughan
 
 held that tax claims in Chapter XI proceedings bear interest only to the date the petition is filed and recovery of post-petition interest is limited to those cases where the underlying debt for taxes remains unpaid after approval of the plan of arrangement. In reaching this conclusion the
 
 Vaughan
 
 court distinguished
 
 Bruning,
 
 where the tax debt was not paid from the bankruptcy estate.
 

 Vaughan
 
 appears to be the only case in which a court has limited the
 
 Bruning
 
 holding to situations where the underlying debt for taxes has not been paid. The
 
 Vaughan
 
 court relied heavily on
 
 National Foundry Co. v. Director of Internal Revenue,
 
 229 F.2d 149 (2d Cir.1956). However, the Second Circuit has concluded that
 
 Bruning
 
 nullified
 
 National Foundry,
 
 and it no longer follows its earlier decision. See
 
 In re Johnson Electrical Corporation,
 
 442 F.2d 281 (2d Cir.1971). In permitting recovery of post-petition interest from the rehabilitated debtor, the court in
 
 Johnson Electrical Corporation
 
 found no reason to limit the
 
 Bruning
 
 holding to cases where the underlying debt had not been paid. Judge Friendly wrote for the court:
 

 This distinction is not sufficiently substantial to warrant a different result. Either the filing of the petition stops the running of interest on federal tax claims against a bankrupt or it does not. In holding the latter,
 
 Bruning
 
 made clear that the reasons generally causing disal-lowance of claims for such interest against the bankrupt estate, to wit, “the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience,” 376 U.S. at 362, 84 S.Ct. at 909, were inapplicable when a non-dischargeable federal tax claim was asserted against the bankrupt himself.
 

 Id.
 
 at 284. The Third Circuit reached the same conclusion in
 
 Hugh H. Eby Co. v. United States,
 
 456 F.2d 923, 925 (3d Cir.1972), and the Second Circuit reaffirmed its position in
 
 In re Jaylaw Drug, Inc.,
 
 621 F.2d 524 (2d Cir.1980).
 

 We conclude that
 
 Vaughan
 
 was incorrectly decided and join those courts which have held that the government may recover post-petition interest on nondischarged debts for taxes regardless of whether the underlying debt has been paid or not. We also disagree with the defendants’ contention that even if the “fee” is a “tax,” the interest in this case cannot be recovered because it did not accrue “within three years preceding bankruptcy,” a condition of nondischargeability under § 17 of the Act. A similar argument was rejected in
 
 Jaylaw
 
 where the court agreed with the conclusion stated in 9 Collier on Bankruptcy If 9:32 at 412 that the “within three years preceding bankruptcy” language of § 17 should not be applied literally to post-petition interest which, by its very nature, cannot accrue prior to bankruptcy. 621 F.2d at 527 n. 1.
 

 Since the abandoned mine reclamation fee is a tax, the rule applicable to post-petition interest on claims for taxes
 
 *1108
 
 controls. In the only reported decision involving post-petition interest on abandoned mine reclamation fees, the court permitted recovery of interest.
 
 In re King,
 
 19 B.R. 936 (Bkrptey.E.D.Tenn.1982).
 

 IV.
 

 We also conclude that the estoppel argument of the defendants is unsound. Ordinarily the United States is not es-topped by acts of individual officers and agents.
 
 Utah Power & Light Co. v. United States,
 
 243 U.S. 389, 37 S.Ct. 387, 61 L.Ed. 791 (1917);
 
 Federal Crop Insurance Corp. v. Merrill,
 
 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). At the very minimum some affirmative misconduct by a government agent is required as a basis of estoppel.
 
 INS v. Miranda,
 
 459 U.S. 14, 103 S.Ct. 281, 74 L.Ed.2d 12 (1982);
 
 Schweiker v. Hansen,
 
 450 U.S. 785, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981). The failure to seek interest on a nondischargeable debt for taxes during the Chapter XI proceedings clearly did not constitute affirmative misconduct. The Supreme Court has recently emphasized the necessity for a cautious approach to finding estoppel against the United States:
 

 When the Government is unable to enforce the law because the conduct of its agents has given rise to an estoppel, the interest of the citizenry as a whole in obedience to the rule of law is undermined. It is for this reason that it is well-settled that the Government may not be estopped on the same terms as any other litigant.
 

 Heckler v. Community Health Services of Crawford County, Inc.,
 
 — U.S. -, 104 S.Ct. 2218, 2224, 81 L.Ed.2d 42 (1984) (footnote omitted).
 

 A claim of estoppel was asserted by the debtors in
 
 Jaylaw
 
 and in
 
 Matter of Becker’s Motor Transportation, Inc.,
 
 632 F.2d 242 (3d Cir.1980). In filing its claim for taxes the creditor in
 
 Becker’s Motor Transportation
 
 left blank the line on the claim form designated “[D]ollar amount per day at which interest will accrue after date of this statement.” During the Chapter XI proceedings the government never revealed its intention to make a claim for post-petition interest. While noting a recent tendency to relax the earlier rule which prohibited estoppel from being asserted against the government, the court in
 
 Becker’s Motor Transportation
 
 found estoppel unavailable in that case. It pointed out that claims for post-petition interest are not allowable against a bankruptcy estate, but do survive as claims against the debtor. From this fact the court found it unreasonable to assume “that the IRS would assert claims for ... post petition interest against the estate, or not at all.”
 
 Id.
 
 at 249.
 

 The creditor in
 
 Jaylaw
 
 wrote “none” on the line which requested the amount of interest claimed. The second Circuit concluded that there was no estoppel since a skilled bankruptcy lawyer would not have been misled:
 

 To be sure the distinction made by the Supreme Court in
 
 Bruning
 
 probably would not be apparent to a layman and the IRS would be well advised either to eliminate the line from the proof of claim or to insert appropriate qualifying language. But proofs of claim in bankruptcy are not intended for him who runs; they are submitted for examination by lawyers skilled in bankruptcy law, who should be familiar with decisions of the Supreme Court and, in this circuit, of this court. To them the statement in the proof of claim would not have been misleading.
 

 621 F.2d at 529.
 

 The failure of the IRS to claim interest on the proof of claim form or to advise the debtor of its intention to make a later claim did not give rise to estoppel. Interest stops at bankruptcy,
 
 i.e.,
 
 when the petition is filed, for ordinary claims.
 
 New York v. Saper,
 
 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710 (1949). However, a claim for interest on a debt which is nondischargeable is not one which may be asserted against the bankruptcy estate. Since it is a claim against the debtor individually, there is no reason to include it in the proof of claim or to assert it at any time during the bankruptcy proceedings.
 

 
 *1109
 
 Though it was not argued in briefs, the related question was raised at oral argument whether the government had waived post-petition interest by failing to claim it in the Chapter XI proceedings. The court in
 
 Becker’s Motor Transportation
 
 dealt with this issue and concluded that there was no waiver:
 

 The absence of an entry for post-petition interest of [sic] the proof of claim form filed in this case should not have caused the debtors’ counsel to conclude that the IRS had waived a right which it could not properly have asserted on that form— namely, the right to enforce the personal liability of the debtors.
 

 632 F.2d at 249.
 

 We agree with this conclusion. It would be illogical to require a creditor to include in his proof of claim a claim which he cannot assert against the bankruptcy estate. A claim recoverable only against a debtor individually because it is not discharged by bankruptcy is not waived by failure to include it in the proof of claim filed in bankruptcy proceedings.
 

 The judgment of the district court is reversed, and the cause is remanded for entry of judgment in favor , of the plaintiff.
 

 [1]
 

 . Since bankruptcy proceedings were commenced before November 6, 1978, this case is governed by the Bankruptcy Act, as amended, 11 U.S.C. § 1 et seq. (1976) (repealed), rather than the 1978 Bankruptcy Reform Act, 11 U.S.C. § 101 et seq. (1976 ed. Supp. III). See Pub.L. 95-598, § 403, 92 Stat. 2683.