**In re SUNSET ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 7–82–00692.**

United States Bankruptcy Court,
W.D. Virginia,
Big Stone Gap Division.

May 16, 1985.

Robert T. Copeland, Abingdon, Va., for debtor.

John Perry Alderman, U.S. Atty. by Robert S. More, Sp. Asst. U.S. Atty., and David W. McNabb, Staff Atty., U.S. Dept. of Interior, Knoxville, Tenn., Morgan Scott, Asst. U.S. Atty., Abingdon, Va., of counsel, for U.S.

**MEMORANDUM OPINION**

H. CLYDE PEARSON, Bankruptcy Judge.

The United States filed a request with this Court for payment of administrative

expenses on October 10, 1984, claiming $2,015.83 in principal for unpaid, post-petition abandoned mine land reclamation fees levied under 30 U.S.C. Section 1232(a). Interest on the aforesaid reclamation fees amounting to $446.71 was also claimed as of December 1, 1984. Additional interest of $19.01 will accrue on the first day of each month.

The Debtor admitted liability for the principal amount of the reclamation fees, but challenged the inclusion of the interest as an administrative expense. Therefore, as stated in the brief of the United States, the only issue before this Court is whether the Government is entitled to interest on post-petition taxes as an administrative expense of the estate.

After a close examination of the relevant facts and law, it appears to this Court that the issue is controlled by the Fourth Circuit decision, *United States v. Friendship College*, 737 F.2d 430 (4th Cir.1984), which determined that interest on first priority taxes should also receive first priority treatment.

Under 11 U.S.C. § 503(b)(1)(B)(i), administrative expenses include:

"... any tax—(i) incurred *by the estate*, except a tax of a kind specified in section 507(a)(6) of this title ..." (emphasis added)

11 U.S.C. § 507 establishes the order of priority for claims and expenses of the bankruptcy estate. Section 11 U.S.C. § 507(a)(6)(C) would give the interest sixth priority treatment. Section 11 U.S.C. § 507(a)(6)(C) is for:

"Allowed unsecured claims for governmental units to the extent that such claims are for a tax required to be collected or withheld and for which the debtor is liable in whatever capacity."

The Court of Appeals, in *Friendship College, supra*, interpreted the word "estate" as it is used in 11 U.S.C. § 503(b)(1)(B)(i) to imply the inclusion of post-petition liabilities. This means that the bankruptcy estate should pay the taxes here in question. Concerning the interest owed, it appears from the decision of the Fourth Circuit that there is no support for differentiation in the treatment of the tax and the interest on that tax:

"... To treat interest inconsistently from the taxes and penalties, we would require proof that such different treatment was intended by the Code. Instead, the only indication we have one way or the other suggests that interest should be first priority. See Report of the Senate Judiciary Committee, S.Rep. No. 95–989, 95th Cong., 2d Sess. (1978), at 66, reprinted in 1978 U.S.Code, Cong. and Admin.News, 5787, where it was stated that interest on first priority taxes should also receive first priority treatment. We therefore opt for consistency. The Code does allow us to do this by treating the interest as a general administrative expense under § 503. 737 F.2d at 433."

The U.S. Court of Appeals for the Sixth Circuit held that a debtor rehabilitated through a Chapter XI bankruptcy proceeding remains liable to the United States for post-petition interest on delinquent abandoned mine reclamation fees in *United States v. River Coal Company, et al.*, 748 F.2d 1103 (6th Cir.1984). The Court of Appeals noted that in order to reach this conclusion, it was necessary to determine that, though the charges are denominated "fees" in the Surface Mining Control and Reclamation Act of 1977, 30 U.S.C. § 1201, *et seq.*, (1982), they are in fact "taxes". This is because, under § 523(a)(1), a discharge in bankruptcy does not release the debtor from taxes, but a discharge will release the debtor from "fees" which are not non-dischargeable. In *River Coal, supra*, the defendants compared the reclamation fees to permit fees which a coal operator must pay to conduct surface mining.

A fee may be differentiated from a tax in that a fee relates to an individual privilege or benefit to the payor, whereas a tax is for a public purpose. As the Court of Appeals pointed out in *River Coal, supra*, there is a clear distinction between the permit fee requirements of the Act and abandoned mine reclamation fees. The permit fee is

charged for the privilege of operating a surface mine, whereas the abandoned mine reclamation fee is imposed as an additional charge on operators who have already received the necessary permits. The reclamation does not confer a benefit on the individual operator, but upon the general public when the land is improved. Thus, the reclamation fee should clearly be considered a non-dischargeable tax.

The Sixth Circuit determined that since the abandoned mine reclamation fee is a tax, the rule applicable to post-petition interest on claims for taxes controls. The Court cited *In re King*, 19 B.R. 936 (Bankr. E.D.TN 1982), which also permitted recovery of post-petition interest on abandoned mine reclamation fees.

In accordance with the foregoing, the Court concludes that the Government is entitled to both the principal amount of the post-petition abandoned mine land reclamation fees and the accrued post-petition interest on said fees as an administrative expense.