**In re NATIONAL AUTOMATIC SPRINKLER COMPANY OF OREGON, INC., Debtor.**

**Bankruptcy No. 383–01591–S7.**

United States Bankruptcy Court, D. Oregon.

June 11, 1986.

Peter G. Raphael, Portland, Or., for trustee,

Robert K. Morrow, and Mark E. Nebergall, Washington, D.C., for I.R.S.

ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIM 8C

DONAL D. SULLIVAN, Bankruptcy Judge.

The Internal Revenue Service ("I.R.S.") filed an 11 U.S.C. § 503(b) administrative expense claim for unpaid withholding taxes, penalties, and interest arising out of the debtor's operating chapter 11 as well as the subsequent chapter 7 liquidation. The trustee objected to. allowance of interest. This is a core proceeding within the meaning of 28 U.S.C. § 157(b) and as such is susceptible of final determination by this Court. The trustee's objection should be sustained.

The debtor filed chapter 11 on May 11, 1983 and was converted to chapter 7 on March 12, 1984. Subject to the determination of this claim, the trustee is now prepared to make a final distribution and close the estate. There is approximately $120,-000 in the estate. Administrative claims, excluding interest but including the claim of the I.R.S., total $264,952, of which $43,-056 are chapter 7 administrative claims and the balance, $221,895, chapter 11 administrative claims. According to the trustee, allowance of the I.R.S. claim for interest will add $1,094 to the chapter 7 claims and $12,600 to the chapter 11 claims.

Pursuant to 11 U.S.C. § 726(b), the administrative expenses attendant to the chapter 7 liquidation must be paid prior to the chapter 11 administrative expenses. Consequently, chapter 11 administrative creditors will have to share pro-rata after the chapter 7 administrative creditors have been paid in full. While the Code specifically provides that taxes incurred by the estate (i.e. post-filing taxes) as well as any fine or penalty related to such post-filing taxes are an administrative expense, it is silent as to whether interest on such taxes is also an administrative expense. *See* 11

**50**

U.S.C. § 503(b)(1)(B)(i) & (ii). The Internal Revenue Code, on the other hand, provides that:

> Interest prescribed ... [on underpayment, nonpayment or extensions of time for payment of tax] shall be paid upon notice and demand, and shall be assessed, collected, and paid in the same manner as taxes. Any reference in this title [Title 26] ... to any tax imposed by this title shall be deemed also to refer to interest imposed by this section on such tax.

26 U.S.C. § 6601(f)(1).

Taxes are statutory obligations that arise by virtue and subject to the terms of the laws that create them. 26 U.S.C. § 6601(f)(1). Notwithstanding the Internal Revenue Code, however, 11 U.S.C. § 726(a)(5) provides that in a chapter 7 distribution of estate property, payment of interest at the legal rate from the date of the petition on, among others, administrative claims enjoys a fifth priority, after payment of those very administrative claims and various classes of unsecured claims. The drafters of the Code failed to designate interest on administrative taxes as they did tax penalties as an administrative expense under § 503(b), yet did expressly designate interest on administrative claims as a fifth priority add-on claim under § 726(a)(5). This language expresses a legislative intent to subordinate to a lower priority any interest on claims, including administrative claims for taxes in all chapter 7 cases even though the interest may have accrued during the operating chapter 11. That distinguishes this case from *United States v. Friendship College, Inc. (In re Friendship College, Inc.)*, 737 F.2d 430 (4th Cir.1984), and its progeny, as well as the cases contra to *Friendship College*, which were decided on different facts applying a rationale other than the one here. *Compare In re General Polymerics Corp.*, 54 B.R. 523 (Bankr.D.Conn. 1985); *In re Sunset Enterprises, Inc.*, 49 B.R. 296 (Bankr.W.D.Va.1985); *In re Razorback Ready-Mix Concrete Co.*, 45 B.R. 917 (Bankr.E.D.Ark.1984) *with In re Lumara Foods of America, Inc.*, 50 B.R. 809 (Bankr.N.D. Ohio 1985); *In re H & C Enterprises*, 35 B.R. 352 (Bankr.D. Idaho 1983); *In re Stack Steel & Supply Co.*, 28 B.R. 151 (Bankr.W.D.Wash.1983). Under the circumstances of this case, this means that the I.R.S. is not entitled to payment of interest on its administrative claim. IT IS SO ORDERED.

The trustee's objection is sustained.