**In re FRED SWAIN, INC., Debtor.**

**Bankruptcy No. 84–02110–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 22, 1989.

Leslie Gern Cloyd, W. Palm Beach, Fla., for trustee.

Marc E. LeBlanc, Debra L. Glickfeld, Howard Houghton, Jr., Alexandria, Va., for Sheetmetal Workers Nat. Benefit Funds.

Kaplan Sicking & Bloom, P.A., Steven Bloom, W. Palm Beach, Fla., for Sheet Metal Workers Local No. 130 Fringe Benefit Trust Funds.

ORDER ON CLAIMS 33, 34, 35

THOMAS C. BRITTON, Chief Judge.

The trustee's partial objections to Claims 33, 34, and 35, which total $63,916, were heard January 10 with 19 other objections. The others were resolved in a January 17 Order. Ruling on these three was reserved. (CP 100). For the reasons which follow, I sustain the trustee's objections.

This debtor filed for a chapter 11 reorganization in November 1984. The attempt failed and the case was converted to a chapter 7 liquidation six months later, in May 1985.

These three claims, filed by two pension funds, seek administrative priority for pension payments required of the debtor/employer by union contracts as a part of the post-petition wages payable to the employees retained by the debtor after bankruptcy.

In addition to the pension payments ($49,248), which are not disputed by the trustee, the claims include interest, liquidated damages, and attorney's fees on account of the late payment of the pension assessments ($14,668). Upon default in payment, these union contracts entitle the pension funds to recover interest at the rate charged by the I.R.S., "liquidated damages" equal to 20% of the assessment, and "all reasonable attorney fees ... incurred in the enforcing of collection." (CP 97, Art. VIII, § 21(1), (2), (3)).

The contractual support for and validity of these additional charges as general unsecured claims is not at issue, only their entitlement to priority in payment as administrative claims, which must be paid in full before any other creditor receives payment under 11 U.S.C. § 503(b)(1)(A):

"[a]fter notice and a hearing, there shall be allowed administrative expenses ... including (1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case."

In the case before me, the total of *all* chapter 11 administrative claims is $78,-

318.[1] The completely liquidated estate amounts to only $24,782. (CP 90, 91). Therefore, the cost of these additional late charges (if allowed) would be borne by other administrative claimants whose priority is explicitly and unambiguously recognized by § 503(b).

We begin with the undisputed precept that:

> "[b]ecause the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors, statutory priorities are narrowly construed. *Joint Industry Board v. United States,* 391 U.S. 224, 228, 88 S.Ct. 1491, 1493, 20 L.Ed.2d 546 (1968); *In re United Merchants & Manufacturers, Inc.,* 597 F.2d 348, 349 (2d Cir.1979); *In re Mammoth Mart, Inc.,* 536 F.2d 950, 953 (1st Cir.1976). '[I]f one claimant is to be preferred over others, the purpose should be clear from the statute.'" *Trustees of the Amalgamated Insurance Fund v. McFarlin's, Inc.,* 789 F.2d 98, 100–01 (2nd Cir.1986).

*See also,* most recently, *In re Amarex, Inc.,* 853 F.2d 1526, 1530 (10th Cir.1988).

Though the priority of pension plan payments as a part of administrative wage claims has received considerable attention, very few cases have addressed interest, penalties, or fees on account of *any* delinquent administrative claims, and I have found no reported decision considering any of these collateral claims in connection with wages.[2]

The Fourth Circuit has upheld administrative priority for both interest and penalties which accrued on a post-petition tax claim, *United States v. Friendship College, Inc.,* 737 F.2d 430, 432–33 (4th Cir. 1984), because § 503(b)(1)(C) expressly classifies tax penalties as administrative claims, and because the legislative history reflects an intent to include interest on taxes as well.[3]

*Friendship College* is inapposite here. The only reference in § 503 to a penalty is the one for tax penalties, and there is nothing in the legislative history suggesting any intent to include either interest or penalties accrued on any other administrative claim. It is clear that the court would have reached the opposite result if the penalty and interest had been on a claim for anything other than taxes.

The only other circuit which has passed upon any of the three elements disputed before me, the Seventh, in a pre-Code case, denied administrative priority to contractually stipulated interest upon the § 503(b)(2) claim of the trustee's accountant. *In re Brooks & Woodington, Inc.,* 505 F.2d 794, 799 (7th Cir.1974). The court said:

> "[o]ur own examination of bankruptcy law has reflected no authority precisely in point. We find help, however, in the analogous situation of the allowance of interest on claims filed in bankruptcy.... Even though the claim is interest-bearing, 'to cope in the most convenient and equitable manner with the debtor's apparent insolvency,' the 'law selects as decisive the date of the filing of the petition in bankruptcy,' and 'disregards, for the purpose of liquidation, interest accruing beyond that date.'"

*Brooks* is followed as controlling in a Code case in *In re Goldblatt Bros., Inc.,* 61 B.R. 459, 463 (Bankr.N.D.Ill.1986). Like that court, I see no reason to disregard pre-Code precedent on this point.

The "liquidated damages" at issue before me are in fact penalties. The omission of any reference in § 503(b) to penalties for past due administrative claims—other than the express inclusion of tax penalties in § 503(b)(1)(C)—clearly signals a legislative

---

**1.** Claims 23, 28, 29, 31, 33, 34, 35, 42. This does not include the chapter 7 administrative rent claim of $2,520 and the ongoing claims of the trustee and his attorney, which must be satisfied before any chapter 11 administrative claims receive payment.

**2.** The claimant in Claims 33 and 34 cites *In re Ram,* 5 E.B.C. (BNA) 1393, 1395 (Bankr.W.D.Pa.

1984) as according administrative status to "the late charges". That publication is not available to me. No other precedent has been cited by any party.

**3.** For a contrary analysis of the legislative record, see 3 *Collier on Bankruptcy* (15th Ed. 1988) ¶ 503.04[1][c] n. 65.

intent to exclude all other penalties as administrative expenses.

Similarly, the omission of any reference in § 503(b), enacted in 1978, to interest on any past due administrative claims, is an equally clear signal that there was no legislative intent to overrule the Seventh Circuit's 1974 decision in *Brooks* denying interest on administrative claims.

The omission of any reference in § 503(b) to fees and costs of collecting administrative claims, coupled with the obvious inconsistency of allowing such collection expenses while disallowing penalties and interest, makes it equally clear that there was no intent to accord priority to collection expenses.

The foregoing analysis is, of course, completely consistent with the Code, which in § 726 permits recovery of penalties, damages, and interest as fourth and fifth priorities, ahead only of payment to the debtor, and *after* all other claims have been fully paid, including claims filed after the bar date.[4]

It is also completely consistent with § 506(b), which permits the recovery of interest, fees, costs and charges provided for under the parties' agreement; *only* by secured creditors, and then *only to the extent of the collateral.*

This explicit provision in § 506(b) for recovery by a limited class of creditors under limited circumstances is an unmistakable indication that such charges are not recoverable by any other claimant in the absence of an equally explicit provision.

Any other reading of § 503(b) would be the antithesis of the strict and narrow construction that has always been placed on priority treatment of claims in bankruptcy.

Finally, consider the implications of claimants' argument. If claimants are entitled to priority for interest, penalties, and fees on their agreements, we must expect that every other administrative claimant—all merchants dealing with trustees or debtors, as well as attorneys and all other professionals employed in the administration of bankruptcies—will promptly incorporate similar provisions in their contracts.

The result would grossly exacerbate the "crying evils" that have long plagued bankruptcy. As stated in *York International Building v. Chaney*, 527 F.2d 1061, 1068 (9th Cir.1976):

"[e]xtravagant allowance of fees and other costs of administration in bankrupt estates have long been denounced as 'crying evils.' *In re Realty Associates Securities Corp. v. O'Connor*, [295 U.S. 295, 299, 55 S.Ct. 663, 665, 79 L.Ed. 1446 (1935) ]."

That, most certainly, could not have been the legislative intent.

Claims 33, 34, and 35 are allowed respectively in the amounts of $19,410, $7,240, and $22,598 as chapter 11 *administrative* expenses. The balance of these claims are allowed as *general* unsecured claims.

DONE and ORDERED.

---

**4.** As was noted in *In re National Automatic Sprinkler Co. of Oregon, Inc.*, 63 B.R. 49, 50 (Bankr.D.Ore.1986), the priorities specified in § 726 appear applicable to all unsecured claims, including § 503(b) administrative claims, which are specifically referred to in that section.