**In re Carlton Anthony WAGNER,
Melinda Sue Wagner,
Debtors.**

**Carlton Anthony WAGNER, Melinda
Sue Wagner, Plaintiffs,**

v.

**OHIO STUDENT LOAN COMMISSION,
Toby L. Rosen, Trustee,
Defendants.**

Bankruptcy No. 91–60361.
Adversary No. 95–6170.

United States Bankruptcy Court,
N.D. Ohio.

June 5, 1996.

Matthew J. Thompson, Columbus, Ohio, for Ohio Student Loan Commission.

Douglas L. Thrush, Mansfield, OH, for Debtors.

Andrew W. Suhar, Youngstown, OH, for Toby L. Rosen.

## MEMORANDUM OF DECISION

JAMES H. WILLIAMS, Chief Judge.

Before the court are cross motions for summary judgment filed by Ohio Student Aid Commission (OSAC), fka Ohio Student Loan Commission and the Chapter 13 trustee, Toby L. Rosen (Trustee), on behalf of the plaintiffs, Carlton Anthony and Melinda Sue Wagner (Debtors). Each moving party responded to the other's motion, and the Debtors filed a response indicating that they concur with the Trustee's motion. The dispute is whether Debtors must pay post-petition interest on student loans even though OSAC was paid 100% of its allowed claims without interest under the terms of the Debtors' Chapter 13 plan, and the Debtors received a discharge pursuant to 11 U.S.C. § 1328.

### I.

### FACTS

On February 19, 1991, the Debtors filed a petition for relief under Chapter 13 of Title 11 of the United States Code. On that same date, they also filed a Chapter 13 Plan pursuant to 11 U.S.C. § 1321 and 11 U.S.C. § 1322, which the court confirmed on May 30, 1991. Melinda Sue Wagner had obtained three student loans from Richland Bank from June 1989 through June 1990. Richland Bank filed two proofs of claim in the amounts of $2,520.90 and $4,357.00, which included both principal and pre-petition interest. After the Debtors' plan was confirmed, Richland Bank assigned the claims to one of the defendants, OSAC, as guarantor of the notes.

The Debtors made payments to the Trustee in accordance with the plan. The Trustee, in compliance with the terms of the plan,

made disbursements relating to the student loans at issue totaling $6,877.90, or 100% of the allowed claims. Each disbursement check listed the amount of the original claim and the remaining balance. On its face, the final disbursement check for each claim included a notation stating, "Paid in Full."

OSAC argues that it is entitled to interest which had accrued on the notes during the pendency of the bankruptcy proceeding totaling $1,932.52. The Trustee argues that no interest is owed because (1) all amounts owed by Debtors were discharged; (2) OSAC failed to file post-petition claims for the interest it now seeks; and (3) OSAC negotiated the final disbursement check marked "Paid in Full" which fully satisfied any claims OSAC had against the Debtors. Alternatively, the Trustee argues that if any interest is owed, the proper amount is only $561.89.

## II.

### DISCUSSION

#### A.

The court has jurisdiction in this adversary proceeding by virtue of 28 U.S.C. § 1334(b) and General Order No. 84 entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This Memorandum of Decision constitutes the court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

Standards of summary judgment under Fed.R.Civ.P. 56, are made applicable to bankruptcy proceedings by Fed.R.Bank.P. 7056. Rule 56 provides for a grant of summary judgment as follows:

(c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

■ The party seeking summary judgment bears the initial burden of asserting that the pleadings, depositions, answers to interrogatories, admissions and affidavits establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). The ultimate burden of demonstrating the existence of a genuine issue of material fact, however, lies with the nonmoving party. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. *See also First National Bank v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. ... In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial*." F.R.Civ.Proc. 56(e) (emphasis added). ... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."

*Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations and footnotes omitted).

■ The fact that both parties have filed for summary judgment does not change the standards upon which the court evaluates the motions. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991); *see also Natural Resources Defense Council, Inc. v. Vygen Corp.*, 803 F.Supp. 97 (N.D.Ohio 1992). That both parties have filed motions for summary judgment does not mean that there is no factual dispute, because each motion asserts its own legal theories and facts in support of those theories. *Begnaud v. White*, 170 F.2d 323 (6th Cir. 1948); James W. Moore, et al., 6 Moore's Federal Practice ¶ 56.13 (2d ed. 1992). The court will, therefore, consider each motion and its proof accordingly.

#### B.

■ The Trustee argues that the Debtors are not obligated to pay post-petition interest on the student loan claims because the Debtors paid 100% of Richland Bank's allowed claims and were granted a discharge. The

seminal case on the issue of nondischargeability of post-petition interest is *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). In *Bruning,* the debtor failed to pay taxes on federal insurance contributions. *Id.* After the debtor filed a bankruptcy petition, the Internal Revenue Service filed a claim for the assessed amount and received payment from the estate. *Id.* at 359, 84 S.Ct. at 906. The debtor received a discharge and the case was later closed. *Id.* Three years after the closing of the case, the debtor brought suit in United States District Court contending that he was not liable for the post-petition interest which had accrued on the tax assessment. *Id.* The Supreme Court stated:

> In most situations, interest is considered to be the cost of the use of the amounts owing a creditor and an incentive to prompt repayment and, thus an integral part of a continuing debt. Interest on a tax debt would seem to fit that description. Thus, logic and reason indicate that post-petition interest on a tax claim excepted from discharge ... should be recoverable in a later action against the debtor personally, and there is no evidence of any congressional intent to the contrary.

*Id.* at 360, 84 S.Ct. at 908. Therefore, the Court held that post-petition interest on an unpaid tax debt was nondischargeable and remained after bankruptcy as a personal liability of the debtor. *Id.* at 363, 84 S.Ct. at 909.

The Sixth Circuit, relying on *Bruning,* has also held that post-petition interest on nondischargeable tax debts is nondischargeable and may be collected from the debtor personally, but not from the estate. *United States v. River Coal Company, Inc.,* 748 F.2d 1103, 1107 (1984). Both *River Coal* and *Bruning* were decided under the Bankruptcy Act of 1898. The Sixth Circuit also held in *River*

*Coal* that post-petition interest on nondischargeable taxes may be recovered regardless of whether the underlying debt has been paid or not. *River Coal,* 748 F.2d at 1107.[1]

The Trustee argues that the reasoning in *Bruning* and *River Coal* should not apply to the case at bar for two reasons. First, the Trustee maintains that the Bankruptcy Code does not treat government taxes in the same manner as government guaranteed student loans. In support, the Trustee draws the following distinctions: (1) section 1322(a)(2) requires priority claims under section 507 to receive full payment in a Chapter 13 plan; tax claims have priority status, but student loan claims do not; and (2) section 1328 addresses the dischargeability of student loans, but not the dischargeability of tax claims. As evidenced by these provisions, the Code does not, in the Trustee's view, treat taxes and student loans in the same way, and thus *Bruning* and *River Coal,* being tax cases, do not apply to a student loan case.

The court does not dispute that the Bankruptcy Code treats tax debts differently than student loan debts in certain instances. However, the issue is whether any of those differences justify allowing the holder of one such debt to receive post-petition interest but not the holder of the other. The reasoning in *Bruning* and *River Coal* was based not on the classification of the particular debts as tax debts, but rather, on the nondischargeability of those debts. *Jordan v. Colorado Student Loan Program (In re Jordan),* 146 B.R. 31, 32 (D.Colo.1992). There is no indication in either the statutory language or legislative history of § 523(a)(8), which makes certain student loan obligations nondischargeable, that Congress intended to make only pre-petition interest nondischargeable. *Branch v. Unipac/Nebhelp (In*

---

1. There is an important distinction being made in both *Bruning* and *River Coal* between the disallowance of claims for "unmatured interest" against the estate and the allowance of interest accruing against the debtor personally. Interest against the estate is not allowed for practical reasons: "the avoidance of unfairness as between competing creditors and the avoidance of administrative convenience." *Bruning,* 376 U.S. at 362–63, 84 S.Ct. at 909. Conversely, the collection of post-petition interest from the debtor personally "cannot inconvenience administration of the bankruptcy estate, cannot delay payment from the estate unduly, and cannot diminish the estate in favor of high interest creditors at the expenses of other creditors." *Id.,* at 363, 84 S.Ct. at 909. Therefore, recovery of post-petition interest on a nondischargeable debt is allowed against the debtor but not the estate.

re Branch), 175 B.R. 732, 735 (Bankr.D.Neb. 1994). Therefore, this court holds that the reasoning in *Bruning* applies with equal force to student loan debts. Other courts which have been confronted with the issue of the collection of post-petition interest on non-dischargeable student loans have reached the same result. *Leeper v. Pennsylvania Higher Education Assistance Agency*, 49 F.3d 98, 103 (3rd Cir.1995); *Branch*, 175 B.R. at 734; *Jordan*, 146 B.R. at 32; *but see In re Wasson*, 152 B.R. 639 (Bankr.D.N.M.1993) (overruling a creditor's objection to the confirmation of the debtor's Chapter 13 plan because the plan failed to provide for post-petition interest on a nondischargeable student loan).

This court declines to follow *Wasson* for several reasons. First, the issue in *Wasson* involved whether the debtor could be required to provide for the payment of post-petition interest on a student loan under the terms debtor's plan. Thus, post-petition interest was sought against assets of the estate, not the debtor personally.[2]

In addition, *Wasson* was based on that court's own prior decision in *In re Christian*, 25 B.R. 438 (Bankr.D.N.M.1982). In *Christian*, the court held that *Bruning* did not apply to cases in which tax debts were fully paid out of the estate. *Id.* As a matter of policy, the court refused to permit creditors to assess unmatured interest against the debtor until all creditors were paid in full. *Id.* *Christian* is thus contrary to the Sixth Circuit's holding in *River Coal*, which is binding on this court, that post-petition interest

may be recovered against a debtor personally whether or not the tax debt is paid in full.[3]

The Trustee also argues that the reasoning in *Bruning* and *River Coal* should not apply to the case at bar because under the structure of § 523(a), the nondischargeability of a tax claim is to be determined at the inception of a bankruptcy proceeding and at its completion for a student loan claim.[4] Therefore, when debtors received a discharge after the claims were paid in full, there was no longer a claim to render nondischargeable nor a nondischargeable debt upon which interest might accrue.

■ Initially, the court notes that there is nothing in *Bruning* which indicates that the holding was based on the timing of the determination of dischargeability. In addition, the Sixth Circuit held in *River Coal* that a creditor may collect post-petition interest on a nondischargeable debt whether that debt is paid or not. *River Coal*, 748 F.2d at 1107. Thus, the timing of the determination of dischargeability is not relevant in determining whether a creditor holding a nondischargeable debt is entitled to post-petition interest.

The position of the Trustee also appears to confuse a claim and a debt. OSAC had a *claim* against the estate for principal and prepetition interest. That claim has been satisfied under the terms of the Debtors' confirmed and completed plan. However, under § 523(a)(8), a student loan *debt* is non-dischargeable unless it first became due more than seven years prior to the date of

2. OSAC is not seeking to recover interest from the estate but rather from the Debtors personally. In its answer to the Debtors' complaint, OSAC avers that the "Plaintiffs are responsible for principal and interest on this student note totalling $2,333.25 as of September 12, 1995." However, the copies of the notes evidencing the loans at issue, which were attached to the proofs of claim filed by Richland Bank, indicate only that Melinda Precht, now Melinda Wagner, executed the notes as the maker. Therefore, it would not appear that Carlton Anthony Wagner has any liability on the notes. Because the issue is before it on cross motions for summary judgment, it appears that issues of material fact exist relating to Carlton Anthony Wagner's liability on the notes which preclude the court from making a determination of the existence of that liability.

3. The decision in *Wasson* has been criticized by other courts. See *In re Shelbayah*, 165 B.R. 332,

337 (Bankr.N.D.Ga.1994) (criticizing both *Christian* and *Wasson* for confusing the disallowance of unmatured interest with the non-accrual of interest and noting that the policy of fair treatment behind § 502(b)(2) is not offended by permitting post-petition interest on a nondischargeable claim to be nondischargeable, because the post-petition interest is recoverable against the debtor personally and not the estate).

4. The Trustee claims that the two categories of debt should not be treated in the same way based on congressional intent—if Congress had wanted the two to be treated the same "... Congress would have so stated." She also argues that it is "apparent" from the Code that Congress did not intend to categorize taxes and student loans together. However, no legislative history is cited.

the debtor's petition or the repayment of that debt would place an undue hardship on the debtor. That debt, which pursuant to *Bruning* includes post-petition interest, was not discharged upon the completion of the Debtors' plan.

### C.

■ Next, the Trustee argues that because it did not file any post-petition claims for the post-petition interest pursuant to 11 U.S.C. § 1305, OSAC cannot not now claim a right to the payment of post-petition interest. Section 1305(a) provides that a claim relating to a post-petition obligation *may* be filed by the creditor holding such claim. OSAC is not barred from seeking the payment of post-petition interest simply because it did not take action which § 1305 expressly makes optional.[5]

### D.

■ The Trustee's final argument in support of her contention that no amount of post-petition interest is owed is that because the last disbursement check for each of OSAC's claims contained the notation "Paid in Full" on its face and because OSAC accepted those checks without any protest or dispute over the amount or notation, there has been an accord and satisfaction pursuant to O.R.C. § 1303.40, and the Debtors are discharged from paying post-petition interest on the student loans. Pursuant to § 1303.40, a claim may be discharged:

> if a person against whom a claim is asserted proves that that person in good faith tendered an instrument to the claimant as full satisfaction of the claim, that the amount of the claim was unliquidated or subject to a bona fide dispute, and that the claimant obtained payment of the instrument.

The Trustee, as proponent of the accord and satisfaction defense, has the burden of proof.

*Warner Storage Inc. v. Systemation, Inc.,* 64 Ohio App.3d 1, 4, 580 N.E.2d 490, 492 (Ohio Ct.App.1989) (citation omitted).

The words "Paid in Full" which were noted on the face of the final disbursement checks relating to the student loan claims at issue can only refer to the obligation under the terms of the plan. OSAC had no reason to expect that the Trustee would make further payments on the student loans at issue because under the terms of the plan, she was not required to do so. Therefore, the tendering and acceptance of the final disbursement checks resulted in the satisfaction, not accord and satisfaction, of any amounts due OSAC under the terms of the plan. OSAC is not seeking further payment under the terms of the Debtors' plan. Rather it is seeking payment of post-petition interest from the Debtors personally.

There was no bona fide dispute as to the existence of an obligation to pay post-petition interest. In addition, the Trustee was not a party who had the authority or intent to settle any amount due for post-petition interest by tendering the final disbursement checks with the paid in full language. When OSAC accepted the final disbursement check, it only had notice that the check was intended as full satisfaction of its allowed claims pursuant to the *plan,* but not that it was in full satisfaction of the post-petition interest. *Allen v. R.G. Industrial Supply,* 66 Ohio St.3d 229, 232, 611 N.E.2d 794, 797–98 (Ohio 1993). The words "Paid in Full" simply give notice to the creditor receiving such a check that the Trustee has made her final payment to that creditor under the terms of the plan.

### E.

■ There is certainly a dispute over the amount and type of damages sought in this case. In their complaint, the Debtors aver that OSAC has stated that the Debtors were responsible for "interest and penalties" in the

---

5. *See also River Coal,* 748 F.2d at 1108 (holding that "a claim for interest on a debt which is nondischargeable is not one which may be asserted against the bankruptcy estate. Since it is a claim against the debtor individually, there is no reason to include it in the proof of claim or to assert it at *any time* during the bankruptcy proceedings.") (emphasis added); *In re Jordan,* 146

B.R. at 32–33 (denying confirmation of debtor's plan because it provided for post-petition interest on nondischargeable student loan); *Leeper v. Pennsylvania Higher Education Assistance Agency,* 49 F.3d at 101 (holding that creditors were not entitled to include post-petition interest as part of their claims in bankruptcy case).

amount of $3,423.10. OSAC initially averred in its answer to the Debtors' complaint that the Debtors are responsible for "principal and interest" on the student loan note totaling $2,335.25, but then, in connection with its motion for summary judgment, revised the amount sought to $1,932.52 plus interest from November 28, 1995. The Trustee alleges that OSAC at one time represented to her that the amount due and owing was $2,196.34, although the Trustee herself has averred that if any additional amount is owed to OSAC, the correct amount is $561.89. What is clear from the status of the pleadings in this case is that a material dispute of fact exists as to the amount of post-petition interest owed by the Debtors to OSAC. According to the foregoing analysis, OSAC's motion for summary judgment should be granted on the issue of its entitlement to post-petition interest and denied on the issue of the amount of that interest. The Trustee's motion should be denied. An order in accordance with the foregoing shall issue forthwith.