**In re Paul D. WEINSTEIN, Debtor.**

**Bankruptcy No. 92–14670–JNF.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 6, 1999.

Paula Bachtell, John Fitzgerald, Boston, MA, as Successor Trustees.

Carina Campobasso, Washington, DC, for IRS.

MEMORANDUM

JOAN N. FEENEY, Bankruptcy Judge.

### I. INTRODUCTION

The matter before the Court is the Motion of Successor Trustee to Determine Priority of Interest Asserted by the Internal Revenue Service (the "Motion") and the Request of the Internal Revenue Service ("IRS") for Payment of Taxes as an Administrative Expense. The issue presented is whether the IRS is entitled to an administrative expense claim under 11

---

**3.** For the purposes of this analysis, I will disregard the lien described by the Debtor as securing a "disputed" $43,200 debt.

U.S.C. § 503(b) for post-petition interest on the estate's fiduciary tax liability.

## II.  FACTS

The relevant facts are undisputed.  The Debtor filed a voluntary Chapter 7 petition on May 7, 1992.  Paul Grella was appointed Chapter 7 trustee.  During the pendency of the case, the trustee sold real estate of the debtor and compromised an avoidance power action for $40,000.  This generated taxable income for the estate.

The trustee did not file fiduciary tax returns for each calendar year.  Instead, he filed tax returns for four years in 1996.  He paid the tax due as reflected on the returns.  On June 10, 1996, the IRS, in correspondence with the trustee, indicated that the 1992, 1993, 1994 and 1995 returns had been accepted as filed.  On July 9, 1996, the trustee sent a letter to the IRS pursuant to 11 U.S.C. § 505(b), requesting a prompt determination of any tax liability.

Because the returns were filed late, the IRS assessed penalties for the estate's failure to timely file returns and pay the taxes owed.  It sent the trustee several notices.  On August 19, 1996, the IRS sent a notice that $4,614.29 was owed, which sum represented a penalty in the sum of $2,430.12 for late payment and interest in the sum of $2,184.08 for the 1992 tax period.  On September 2, 1996, the IRS sent a notice that $10,110.96 was owed, representing a $6,765.31 penalty and $3,345.59 in interest for the 1994 tax period.

On October 6, 1996, the trustee made a request for abatement of the interest and penalties.  On March 10, 1997, the IRS sent the trustee two notices in which it indicated that the penalties for 1992 and 1994 had been abated and that interest had been partially reduced.  On November 6, 1997 the IRS filed a Request for Payment of Internal Revenue Taxes, asserting an administrative claim for interest owed in the sum of $4,593.83 for tax periods 1992 and 1994.

In his final account and report, the trustee proposed to pay the sum of $4,690.09 to the IRS as an administrative expense.  His final report indicated that the estate had the sum of $38,528.85 on hand and that unsecured creditors would receive a 1.11 percent dividend, assuming all administrative claims were allowed.  The United States Trustee filed an objection to the trustee's final report.

On September 8, 1997, after a hearing, the Court entered an order denying the trustee's final report and the trustee's application for compensation.  The Court directed the trustee to respond to issues relating to the estate's tax liabilities.  The trustee filed a response on September 29, 1997 and the IRS filed a brief in support of its administrative claim.  The trustee also filed a brief in support of his opposition to the demand for post-petition interest.

After reviewing the trustee's response, the Court ordered the trustee to file a supplemental statement with respect to the proposed distribution to the IRS, and that he specifically indicate the amount proposed as payment for penalties and interest.  On October 6, 1998, the United States Trustee filed a motion to compel the former trustee to file the supplemental statement.  The trustee resigned on November 3, 1998, and a successor trustee was appointed thereafter.  On November 17, 1998, the successor trustee filed a supplemental statement, indicating that he proposed to pay $4,690.09 as postpetition interest and no penalties.

## III.  DISCUSSION

As previously stated, the issue presented for determination is whether postpetition interest on tax claims has a first priority as an administrative expense under Section 503(b) of the Bankruptcy Code.  To decide this issue, the Court must examine the interplay of Bankruptcy Code Sections 503(b) and 726(a).  Section 503(b) provides:

After notice and a hearing, there shall be allowed administrative expenses, ... including—

  (1)(B) any tax—

   (i) incurred by the estate except a tax of a kind specified in section 507(a)(8) of this title; ...

   (C) any fine, penalty, or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph; ...

11 U.S.C. § 503(b).

Section 726(a) provides:

  Except as provided in section 510 of this title, property of the estate shall be distributed—

   (1) first, in payment of claims of the kind specified in and the order specified in, section 507 of this title, ...

   (5) fifth, in payment of interest at the legal rate from the date of the filing of the petition, on any claim paid under paragraph (1), (2), (3), or (4) of this subsection; ...

11 U.S.C. § 726(a).

The Court of Appeals for the First Circuit has not addressed the issue presented in this case. Five courts of appeals have concluded that postpetition interest on tax claims is to be paid as an administrative expense. *See, e.g., In re Preferred Door Co.*, 990 F.2d 547 (10th Cir.1993); *In re Flo–Lizer Inc.*, 916 F.2d 363 (6th Cir. 1990); *In re Allied Mechanical Servs., Inc.*, 885 F.2d 837 (11th Cir.1989); *In re Mark Anthony Construction, Inc.*, 886 F.2d 1101, 1107–08 (9th Cir.1989); *U.S. v. Friendship College, Inc.*, 737 F.2d 430, 432–33 (4th Cir.1984). Judge Hillman of this District has reached the same conclusion. *See In re Goodrich*, 215 B.R. 638, 641 (Bankr.D.Mass.1997).

There is a minority view, most notably *In re Hospitality Associates of Laurel*, 212 B.R. 188 (Bankr.D.N.H.1997), in which the Court held that postpetition interest on a tax claim was not entitled to administrative expense status and instead was entitled to a fifth priority under 11 U.S.C. Section 726(a)(5). Judge Yacos, in a thorough and well-reasoned opinion, ruled that the statutory provisions were clear and unambiguous. Sections 503(b) and 726(a)'s plain meaning compel the conclusion that postpetition interest on an estate's tax liability is not entitled to first priority administrative expense status. He reasoned that there is no justification as a matter of statutory construction to read the word "interest" into § 503(b) when § 726(a)(5) explicitly provides for interest on administrative claims. Moreover, Judge Yacos criticized the reasoning of the decisions adopting the majority view on the ground that the courts reached their conclusion without analysis, ignored standards of statutory construction, and engaged in judicial speculation.

Even though resort to legislative history was unnecessary, Judge Yacos found support for his interpretation in legislative history. He observed that the Senate version of § 503(b) expressly included interest on taxes, but that the final version deleted the term interest and did not include the language utilized in the Senate version. In addition, Judge Yacos observed that the trustee in *Hospitality* had suggested a legitimate reason why the statute would give a first priority to penalties and not to interest on administrative tax claims. While penalties are capped at a maximum, interest continues to accrue until paid, thus eroding the chapter 7 estate and prejudicing other creditors who do not receive interest. Judge Yacos noted that further support for the minority view is found in another section of the Bankruptcy Code, namely, section 506(b) which expressly permits recovery of interest on allowed secured claims. This section indicates that when Congress intended to provide for recovery of interest, it clearly and explicitly referred to the term "interest." *See In Re Fred Swain, Inc.*, 97 B.R. 660, 662 (Bankr.S.D.Fla.1989).

This Court believes that the reasoning of the decisions adopting the majority view is flawed as it is contrary to the plain

language of Sections 726(a)(5) and 503(b). The Court finds that the reasoning of the minority view, as exemplified by the court's analysis in *Hospitality Associates,* comports with principles of statutory construction, in particular, the plain meaning rule; the congressional intent and legislative history, particularly when the Senate draft and final version are compared; and the goal of equality of distribution in bankruptcy cases. The plain meaning of § 726(a)(5) is that postpetition interest on administrative tax claims has a fifth priority, not a first priority. Section 503(b) simply does not mention interest. It would be improper to read the word "interest" into Section 503(b) of the Bankruptcy Code and accord it a first priority when Section 726(a)(5) specifically and clearly provides that postpetition interest has a fifth priority. Accordingly, in the present case, the Court rules that postpetition interest on the IRS's tax claim is not entitled to treatment as a first priority administrative expense.

## IV. CONCLUSION

The Motion to Determine Priority of Interest is allowed. The IRS's claim for postpetition interest shall have a fifth priority in accordance with § 726(a)(5).