CLAY, Circuit Judge,
dissenting in part.
I respectfully dissent from the majority’s conclusion that the Tax Court properly allowed the Commissioner of the I.R.S. to benefit from his complete reversal of position on the governing statute of limitations for excise taxes imposed under 26 U.S.C. § 4979A. In the merits briefing before the Tax Court, the Commissioner made the deliberate decision to argue that § 4979A(e)(2)(D) provided the relevant *767 statute of limitations. We know that the Commissioner directly considered the possibility that § 6501 might apply, but determined that it did not, because the Commissioner explicitly argued that “I.R.C. § 6501(a) is not the governing period of limitations under the facts of this case.” (A.R.373.) The Tax Court accepted the Commissioner’s position that § 4979A(e)(2)(D) applied but determined that under that standard the deficiency action was time barred. Only upon losing before the Tax Court did the Commissioner determine that his earlier argument was in error. Without proffering any justification for his change in position beyond asserting that his earlier position was incorrect, the Commissioner sought reconsideration on the basis that the Tax Court had committed the substantial error of accepting his own argument that § 4979A(e)(2)(D) applied. Then, in direct contravention of his earlier position, the Commissioner argued that § 6501 provided the governing statute of limitations, not § 4979A(e)(2)(D). The Tax Court again agreed with the Commissioner, and, applying § 6501, held that the Law Office was bound to pay the excise tax after all.
The majority finds no cause for concern in the Tax Court’s acceptance of this stark reversal because of our conclusion that the second, contradictory position taken by the Commissioner and the Tax Court is the correct one — § 6501 provides the governing standard. Taking reassurance from this result, however, overlooks a troubling reality. Namely, if the Commissioner had prevailed under his first theory, the error may well have gone uncorrected. When the Internal Revenue Service is permitted to litigate according to its whims in the Tax Court, knowing that a do-over will be available if it does not succeed on the theory that at first seems most expedient, tax law jurisprudence suffers no less than the integrity of the rule of law and the courts.
Contrary to the majority, I believe the circumstances of this case may well warrant an application of judicial estoppel, a doctrine that “preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment.” Teledyne Indus., Inc. v. NLRB, 911 F.2d 1214, 1218 (6th Cir.1990).
The majority argues that judicial estoppel is inappropriate because the doctrine is not typically applied to inconsistent legal arguments, but rather to inconsistent factual positions. The case law does not so clearly delineate between the two, and in fact judicial estoppel has been applied in numerous instances where a party reversed itself on an issue of law. See, e.g., Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 364 F.3d 274, 294 (5th Cir.2004) (holding that judicial estoppel could be applied to prevent a party from reversing its position on the governing law); see also Whaley v. Belleque, 520 F.3d 997, 1002 (9th Cir.2008) (holding that judicial estoppel “applies to a party’s legal as well as factual assertions”); Helfand v. Gerson, 105 F.3d 530, 535 (9th Cir.1997) (same); Murray v. Silberstein, 882 F.2d 61, 66-67 (3d Cir.1989) (estopping a party from seeking damages when the same party had earlier obtained a preliminary injunction by arguing that the Eleventh Amendment barred any damages remedy).
The majority also finds that judicial estoppel should not apply based on the Commissioner’s mere representation that his first argument was a “mistake.” We should be reluctant to so credulously rely on the Commissioner’s representations. No reasonable explanation has been of *768 fered for how the Commissioner came to advocate an erroneous position (or to later conclude that the first position was erroneous), and we know from the Commissioner’s own briefing before the Tax Court that he initially considered and rejected the possibility that § 6501 applied. Although it is true that “ ‘[t]he Government may not be estopped on the same terms as any other litigant,’ ” United States v. Williams, 612 F.3d 500, 511 (quoting Heckler v. Cmty. Health Servs., 467 U.S. 51, 60, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984)), this Court has not held the government to be immune from judicial estoppel, see id.; Reynolds v. C.I.R., 861 F.2d 469, 472-73 (6th Cir.1988) (applying judicial estoppel against the Commissioner of Internal Revenue); Bunting v. R.R. Ret. Bd., 7 F.3d 232 (6th Cir.1993) (table) (applying judicial estoppel against the government). Instead, we have acknowledged that the government may be judicially estopped, among other circumstances, where affirmative misconduct has occurred. Michigan v. City of Allen Park, 954 F.2d 1201, 1217 (6th Cir.1992); United States v. River Coal Co., 748 F.2d 1103, 1108 (6th Cir. 1984).
I would remand to the Tax Court to develop a record about the circumstances surrounding the Commissioner’s reversal in position, including any communications between the parties and the court, to determine whether the Commissioner’s reversal was made in good faith. In view of the majority’s holding that judicial estoppel cannot'apply in this case, I respectfully dissent.