**Davis Rufus LAWRENCE, Elizabeth Lawrence, Plaintiffs/Appellees,**

v.

**EDUCATIONAL CREDIT MANAGEMENT CORPORATION, Defendant/Appellant.**

**No. 2:00CV401.**

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 4, 2000.

Rand Lewis Gelber, Vienna, VA, for plaintiff.

Tom Cain Smith, Va. Beach, VA, for defendant.

Debera F. Conlon, Office of the U.S. Trustee, Norfolk, VA, for U.S. Trustee.

### ORDER

DOUMAR, District Judge.

This matter comes before the Court on appeal from a Memorandum Opinion and Order entered by the Bankruptcy Court for the Eastern District of Virginia. For the reasons stated below, the decision of the Bankruptcy Court is **AFFIRMED.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 4, 1993, David Rufus Lawrence and Elizabeth Lawrence ("Debtors") filed a Chapter 13 bankruptcy petition and listed in their schedules student loan debt consisting of two promissory notes. At the time of the filing of the petition, one of the notes was held by American Student Loan Assistance ("ASLA"), and the other by Consumers Bank. Both notes were subsequently transferred to the guarantor, Educational Credit Management Corporation ("ECMC"), the present holder of the notes. In their Chapter 13 plan, which was confirmed July 13, 1993, the Debtors provided for their student loans as follows:

> The debtors shall pay 100% of the following student loans inside their Chapter # 13 Plan, as they are nondischargeable in Chapter # 7; American Student Loan Assistance = $2,851.00 Consumer's Bank = $2,818.00.

Because neither ASLA nor Consumer's Bank filed anything in the case, on April 3, 1996 Debtors filed proofs of claim for the two loans in the amounts reflected in their plan. Thereafter, the Chapter 13 trustee being making payments to ASLA and Consumers Bank according to the plan. However, because of an incorrect address, the trustee's payment to Consumers Bank was returned to the trustee. The trustee made no further payments to Consumers Bank. The trustee paid the entire $2,851.00 to ASLA as provided for in the plan and proof of claim. Upon completion of the Chapter 13 plan payments, pursuant to 11 U.S.C. § 1328 an Order Discharging Debtor After Completion of Chapter 13 Plan was entered on October 16, 1998. The case was closed October 23, 1998. The bankruptcy court reopened the case on November 16, 1999, at the request of the Debtors for the purpose of determining the dischargeability of the debt owed by Debtors to ECMC as assignee of the ASLA and Consumer Bank notes. Both parties stipulated that Debtors were not attempting to discharge any remaining student loan debt on hardship grounds. Furthermore, there was no dispute between the parties that Debtors never paid any portion of the Consumer's Bank debt. The reason for this appeal centers around the remaining debt on the ASLA loan. ECMC contends that as of November 19, 1999, Debtors still owed $2,267.21 in principal and $425.52 in collection costs on the ASLA note. After a hearing on the matter, Bankruptcy Judge David Adams held that although ECMC as holder of a nondischargeable student loan is entitled to accrued post-petition interest on its claim,

under 11 U.S.C. § 502 it could not apply payments made under Debtors' Chapter 13 plan to postpetition interest. Judge Adams found that unless ECMC improperly applied plan payments to postpetition interest, "given the duration of the Debtors' plan (3 years), the rate at which the creditor was paid, and the balance of the ASLA loan at the time of the filing of the Chapter 13 ... it seems impossible that there remains, six years later, a balance almost as large as the original principal balance reflected in the payment history." (Bankr.Mem.Op. Order at 2). Judge Adams left it to the parties to determine to what extent ECMC's claim had been satisfied based upon his ruling.

On March 27, 2000, ECMC appealed from the bankruptcy court's Memorandum Opinion and Order pursuant to 28 U.S.C. § 158(a). ECMC raised the following issues for appeal:

1) Whether the bankruptcy court erred as a matter of law in determining that ECMC, the holder of a nondischargeable student loan, may only apply Plan payments to the principal balance and any accrued pre-petition interest, which results in a discharge or loss of interest in contravention of the loan agreement.

2) Whether the Court erred when it failed to consider that ECMC or its predecessor elected not to participate in the Plan by not filing a Proof of Claim.

3) Whether the Court erred in allowing the Proof of Claim for the student loan which was filed by Debtor outside the time period for filing a Proof of Claim.

Both parties have filed briefs with regard to this matter. The Court has reviewed the briefs and the relevant case law. The matter is now ripe for decision.

## II. LEGAL ANALYSIS

### A. *Standard of Review*

Pursuant to 28 U.S.C. § 158, a party may appeal a final order of a bankruptcy court to the district court. Upon such an appeal, the district court reviews the decisions of law made by the bankruptcy court de novo and the findings of fact under a clearly erroneous standard. *See Roland v. Unum Life Ins. Co.*, 223 B.R. 499, 501 (E.D.Va.1998) (citing Fed.R.Bankr.P. 8013); *In re James River Assocs.*, 148 B.R. 790, 794 (E.D.Va.1992) (quoting *In re Morris Communications NC, Inc.*, 914 F.2d 458, 467 (4th Cir.1990)).

### B. *Issues on Appeal*

1. **Whether the bankruptcy court erred as a matter of law in determining that ECMC, the holder of a nondischargeable student loan, may only apply Plan payments to the principal balance and any accrued prepetition interest, which results in a discharge or loss of interest in contravention of the loan agreement.**

■ As noted by Judge Adams in his Memorandum Opinion and Order, postpetition interest on a student loan debt is nondischargeable. Title 11, United States Code, section 523 states in pertinent part:

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under the program funded in whole or in part by a governmental unit or non-profit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless excepting such debt will discharge under this paragraph will impose an undue hardship on the debtor and debtor's dependents.

Thus, under section 523(a)(8), Debtors' student loan debt with ASLA and Consumer Bank is nondischargeable absent a show-

ing of "undue hardship." The parties have stipulated in this case that Debtors are not attempting to discharge their debts on the grounds that repayment would create an undue hardship. The dispute in this case concerns the Debtors' belief that they are being overcharged by ECMC with regard to the ASLA note because ECMC incorrectly applied payments made under the Chapter 13 plan to postpetition interest as it accrued. Like a debtor's principal student loan debt, postpetition interest on a nondischargeable student loan debt is also nondischargeable. *See In re Pardee,* 218 B.R. 916, 921 (9th Cir. BAP 1998); *Leeper v. PHEAA,* 49 F.3d 98 (3d Cir.1995) (applying *Bruning v. United States,* 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964)); *Bell v. Educational Credit Management Corp.,* 236 B.R. 426 (N.D.Ala.1999). Title 11, United States Code, Section 1328(a)(2) provides:

(a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—

(2) of the kind specified in paragraph (5), (8) or (9) of section 523(a) of this title . . . ."

However, nondischargeability and claim allowance are two separate concepts. *See Pardee,* 218 B.R. at 921. Under 11 U.S.C. § 502(b)(2), a claim for unmatured interest cannot be paid from the bankruptcy estate. *See id.* Therefore, while a creditor on an educational loan may be entitled to postpetition interest, under 502(b) that interest cannot be included in the bankruptcy claim because it cannot be recovered from the bankruptcy estate. *See id.; Leeper,* 49 F.3d at 100–01; *In re Roa–Moreno,* 208 B.R. 488, 492 (C.D.Cal.1997); *In re Shelbayah,* 165 B.R. 332, 337 (N.D.Ga.1994) (holding that under 502(b), the portion of an educational loan creditor's claim for postpetition interest was not allowable, despite the fact that it was nondischargeable). Even if both the Debtors and ASLA agreed, the parties could not have included postpetition interest in the Chapter 13 plan. *See In re Girard,* 243 B.R. 894, 897 (M.D.Ala.1999); *Roa–Moreno,* 208 B.R. at 492. "This long-standing rule is designed to assure that no creditor gains an advantage or suffers a loss due to the delays inherent in liquidation and distribution of the estate." *Leeper,* 49 F.3d at 101; *see also Shelbayah,* 165 B.R. at 337. The fact that section 502(b) prohibits recovery of postpetition interest from the bankruptcy estate does prevent postpetition interest from accruing on the underlying claim. *See Leeper,* 49 F.3d at 102–03; *Roa–Moreno,* 208 B.R. at 492; *Shelbayah,* 165 B.R. at 337 ("even if the Debtor pays the full amount of [the creditor's] claim as of the filing of the petition pursuant to the plan, the Debtor will remain liable at the conclusion of the plan for postpetition interest that accrues on the decreasing balance of the principal portion of the debt paid under the plan"). Rather than through the bankruptcy estate, upon completion of the Chapter 13 plan a student loan creditor may collect the unpaid postpetition interest on its nondischargeable debt personally from the debtor. *See Pardee,* 218 B.R. at 922; *Bell,* 236 B.R. at 430.

Like the bankruptcy court, this Court will not function as a loan analyst. However, in the present case, as Judge Adams noted, it appears from the facts that ASLA and ECMC as its successor-in-interest applied the payments received from the Chapter 13 trustee to both principal and postpetition interest as it accrued. This it cannot do, as it clearly violates 502(b) by applying bankruptcy estate funds to unmatured interest. ASLA should have applied the payments from the trustee to the principal and prepetition interest only. Postpetition interest would continue to accrue on the diminishing prin-

cipal balance as Debtors made their payments according to the Chapter 13 plan. At the end of the Chapter 13 payments, ASLA or ECMC could then collect the unpaid, postpetition interest on its nondischargeable student loan debt from the debtor personally. *See Pardee*, 218 B.R. at 922. The bankruptcy court did not err in holding that ECMC could only apply plan payments to the principal and any accrued prepetition interest.

**2. Whether the Court erred when it failed to consider that ECMC or its predecessor elected not to participate in the Plan by not filing a Proof of Claim.**

■■■■ ECMC argues that the bankruptcy court erred when it failed to consider the fact that neither ECMC nor ASLA filed a proof of claim and thereby elected not to participate in the Chapter 13 plan. ECMC states that "[i]n the event a student loan creditor does not file a proof of claim, it does not affect the debt owed to them, *but simply means they will not participate in the Plan by receiving payment by the Trustee.*" (Appellant's Br. at 10) (emphasis added). However, it is undisputed that ASLA did receive and accept payment from the trustee. Judge Adams specifically found that ASLA knew that it was receiving funds from the bankruptcy estate. (Bankr.Mem.Op. Order at 3). Judge Adams also found that "ECMC or its predecessors received notice of debtors' Chapter 13 filing, the provision for payment of the loans in their plan and that the debtors filed a proof of claim relative to the student loans." (*Id.*). ECMC has not challenged these findings. By ECMC's own logic then, it was participating in the plan because it was knowingly receiving bankruptcy estate payments from the trustee. Moreover, ECMC waived its right to object to the plan. Traditional principles of waiver apply in the context of bankruptcy. "Under the Bankruptcy Code, a confirmed plan of reorganization acts like a contract that is binding on all the parties, debtor and creditors alike."

*In re Varat Enter., Inc.*, 81 F.3d 1310, 1317 (4th Cir.1996). "A creditor's failure to object to the chapter 13 plan at the plan confirmation hearing constitutes an implied acceptance of the plan." *Pardee*, 218 B.R. at 926. ASLA never objected to Debtors' Chapter 13 plan, despite having notice of such. Rather than objecting to the plan, ASLA knowingly accepted payment from the Chapter 13 trustee. In behaving in this manner, ASLA and ECMC as ASLA's successor-in-interest impliedly accepted the plan, and waived any rights they may have had to object to their inclusion and participation in the Debtors' Chapter 13 plan. ECMC's argument that it did not elect to participate in the plan is without merit. The bankruptcy court did not err in this regard.

**3. Whether the Court erred in allowing the Proof of Claim for the student loan which was filed by Debtor outside the time period for filing a Proof of Claim.**

As its third issue for appeal, ECMC contends that the bankruptcy court erred in allowing the Debtors' proof of claim filed on ASLA's behalf because it was filed outside the time period for filing a proof of claim. ECMC argues that because the proof of claim was not timely filed, the trustee should not have made payment to ASLA based on that proof of claim.

■■■■ First, the Court notes that this issue was not raised in the bankruptcy court. Regardless, ECMC's argument is without merit. Much like ECMC's argument concerning its participation in the plan, ECMC has waived its right to question the propriety of Debtors' proof of claim. ECMC and its predecessor, ASLA, made no objection to the filing of the proof of claim prior to this appeal. Absent objections, claims for which proof is filed under 11 U.S.C. § 501 are deemed allowed under 11 U.S.C. § 502(a). As noted above, ECMC does not challenge on appeal Judge Adams' findings that ASLA had notice of

Debtors' plan and its proof of claim, and that it knew it was receiving funds from the bankruptcy estate. Despite this knowledge, rather than objecting to either the plan or the proof of claim filed on its behalf, ASLA accepted payment from the Chapter 13 trustee. ECMC cannot now claim, to its advantage, that the trustee should never have made payments to ASLA according to the untimely proof of claim. The bankruptcy court did not err in allowing the proof of claim.

### III. CONCLUSION

In his Memorandum Opinion and Order, Judge Adams ruled that ECMC was to recalculate the payments ASLA received from the Chapter 13 trustee, applying the payments only to principal and prepetition interest, and determine what postpetition interest accrued during the pendency of the Chapter 13 plan. Judge Adams left it to the parties to determine to what extent ECMC's claim had been satisfied by Debtors' Chapter 13 payments. Based on the information provided, this Court is in no better position than the bankruptcy court to determine what portion of the debt remains to be paid by Debtors. Accordingly, for the reasons stated above, the Memorandum Opinion and Order of the Bankruptcy Court for the Eastern District of Virginia is **AFFIRMED,** and the parties are to proceed in accordance with Judge Adams' directives found therein.

The Clerk of the Court is DIRECTED to forward copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**