**EDUCATIONAL CREDIT MANAGEMENT CORPORATION, Appellant,**

v.

**Kurt Carl KIELISCH, Jean Renee Kielisch, Appellees.**

**No. CIV. 2:00CV148.**

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 10, 2000.

---

*MEMORANDUM OPINION*
*AND ORDER*

JACKSON, District Judge.

This matter comes before the Court on appeal from the Memorandum Opinion and Order entered by the United States Bankruptcy Court for the Eastern District of Virginia on January 18, 2000. For the reasons stated below, the decision of the Bankruptcy Court is **AFFIRMED.**

## I. FACTUAL AND PROCEDURAL HISTORY

On December 9, 1991, Kurt Kielisch and Jean Kielisch ("Debtors") filed a petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Code"). On February 21, 1992, Great Lakes Higher Education Guaranty Corporation ("Great

Lakes") submitted two proofs of claim for Debtors' student loans, one in the amount of $10,743.15 for Kurt Kielisch and one in the amount of $12,204.42 for Jean Kielisch. On March, 30, 1992, Debtors filed an amended Chapter 13 plan (the "Plan"), which replaced the December 1991 plan. The Plan, which was confirmed on June 12, 1992, provided that "the accepted unsecured claims of Great Lakes Higher Education, in the amounts of $12,095.35 and $10,629.00, will be paid in full through the Trustee." Under the Plan, Debtors paid Great Lakes $10,887.63 for Kurt Kielisch and $12,956.43 for Jean Kielisch. On June 6, 1997, the Bankruptcy Court entered an order discharging the Debtors after completion of their Chapter 13 Plan.

After the Debtors' discharge, Educational Credit Management Corporation ("ECMC"), the assignee of Debtors' student loans, pursued collection efforts against the Debtors. ECMC maintains that, despite the payments made pursuant to the Plan and the subsequent discharge order, its claim was never fully paid. ECMC argues that postpetition interest continued to accrue during the pendency of Debtors' Chapter 13 case. It further contends that Great Lakes properly applied Plan payments to both principal and accrued postpetition interest according to its normal procedures and that, as a result, Kurt Kielisch still owes $5,126.85, consisting of $3,519.09 in principal, $727.99 in interest, and $879.77 in collection costs and Jean Kielisch still owes $5,182.69, consisting of $3,831.05 in principal, $393.88 in interest, and $957,76 in collection costs.[1] In response to ECMC's claims, Debtors filed a complaint in Bankruptcy Court to determine the dischargeability of their student loan debt and the proper application of Plan payments to that debt.

After a hearing on the matter, the Bankruptcy Court held that, although ECMC is entitled to postpetition interest on Debtors' nondischargeable student loans, Great

---

1. As of September 27, 1999.

Lakes was not entitled to apply any of the Plan payments made by the trustee to postpetition interest. The court further found that Great Lakes had improperly applied Chapter 13 trustee payments to postpetition interest on Debtors' student loans. Accordingly, it required ECMC to recalculate and reapply the payments received by Great Lakes from the trustee to determine what amount of postpetition interest on Debtors' loans, if any, remains unpaid. The court left it to the parties to determine the extent to which ECMC's claim has been satisfied.

ECMC filed a notice of appeal on January 31, 2000, and filed a brief in support of its appeal on March 17, 2000. Debtors filed their opposing brief on March 20, 2000. The Court has reviewed the briefs and the record, and finds that "the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Fed. R.Bankr.P. 8012. The matter is now ripe for judicial decision.

## II. STANDARD OF REVIEW

■ The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a). A district court reviews a bankruptcy court's decisions of law *de novo* and reviews its findings of fact under a clearly erroneous standard. *See In re Johnson,* 960 F.2d 396, 399 (4th Cir.1992); *Roland*

---

*v. Unum Life Ins. Co.,* 223 B.R. 499, 501 (E.D.Va.1998).

## III. DISCUSSION

■■ Student loans are nondischargeable unless the debtor can prove undue hardship. *See* 11 U.S.C. §§ 523(a)(8); 1328(a)(2). Although the Code does not explicitly address the dischargeability of postpetition interest on student loans, courts have consistently held that such postpetition interest is considered part of the student loan and is likewise nondischargeable. *See, e.g., In re Pardee,* 218 B.R. 916, 921 (9th Cir. BAP 1998); *Leeper v. Pennsylvania Higher Educ. Assistance Agency,* 49 F.3d 98, 103 (3d Cir.1995); *In re Wagner,* 200 B.R. 160, 164 (Bankr. N.D.Ohio 1996); *In the Matter of Branch,* 175 B.R. 732, 735 (Bankr.D.Neb.1994). *But see In re Wasson,* 152 B.R. 639, 642 (Bankr.D.N.M.1993) (holding creditor not entitled to postpetition interest on student loan where prepetition interest and principal were paid in full out of bankruptcy estate). Thus, notwithstanding the June 6, 1997, Order discharging Debtors after completion of their Chapter 13 Plan, Debtors are not discharged from liability for the postpetition interest on their student loan debt.[2] ECMC is entitled to recover any such postpetition interest.

■ Section 502(b)(2) of the Code expressly disallows payment of unmatured interest from the bankruptcy estate.[3] This does not mean that claims for unmatured

---

**2.** In fact, the discharge order itself specifically states that, pursuant to § 1328(a), Debtors are not discharged from any student loan debt.

**3.** Section 502 provides, in part:

(a) A claim or interest ... is deemed allowed, unless a party in interest ... objects.

(b) Except as provided, ... if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

...

(2) such claim is for unmatured interest....

---

ECMC argues that section 502(b)(2) does not apply, since the Debtors did not object to Great Lakes' proofs of claim. The Court does not read section 502 to require a debtor to object to a proof of claim in order for claims of unmatured interest to be disallowed, nor does the case law indicate any such requirement. *See, e.g., Pardee,* 218 B.R. at 921 (noting that § 502(b)(2) "clearly" disallows recovery of unmatured interest from bankruptcy estate); *Leeper,* 49 F.3d at 100–01 (noting longstanding rule prohibiting claims for unmatured interest). However, even assuming such a requirement exists, the Court notes that Great Lakes provided no indication, in its proofs of claim, that it intended to apply trustee payments to unmatured postpetition interest. Accordingly, Debtors had no reason

interest are discharged, since dischargeability and claim disallowance are two separate concepts. *See Pardee,* 218 B.R. at 921; *In re Ridder,* 171 B.R. 345, 347 (Bankr.W.D.Wis.1994). However, section 502(b)(2) does "bar[ ] recovery from the bankruptcy estate of postpetition interest on a nondischargeable debt." *Pardee,* 218 B.R. at 921. "This longstanding rule is designed to assure that no creditor gains an advantage or suffers a loss due to the delays inherent in liquidation and distribution of the estate." *Leeper,* 49 F.3d at 101; *accord In re Shelbayah,* 165 B.R. 332, 336–37 (Bankr.N.D.Ga.1994).

[redacted] Although it may not be recovered from the bankruptcy estate, postpetition interest on a nondischargeable student loan nonetheless continues to accrue during the pendency of the Chapter 13 case. *See, e.g., Leeper,* 49 F.3d at 102–03; *Shelbayah,* 165 B.R. at 337. The student loan creditor "is bound to the repayment scheme during the duration of the bankruptcy plan ...." *In re Bell,* 236 B.R. 426, 429 (N.D.Ala.1999); *see also Shelbayah,* 165 B.R. at 337 ("the Debtor may not pay the accruing postpetition interest under the plan and need not voluntarily pay it outside the plan during the pendency of the Chapter 13 case."). However, full payment of principal and prepetition interest under the plan does not extinguish the debtor's liability for postpetition interest, since only the allowed claims were fully paid through the plan. *See Pardee,* 218 B.R. at 922. Postpetition interest continues to accrue and survives bankruptcy. Accordingly, any nondischargeable postpetition interest that remains unpaid may be recovered from the debtor personally after completion of the Chapter 13 plan. *See, e.g., Pardee,* 218 B.R. at 921; *Bell,* 236 B.R. at 429–30.

[redacted] It appears from Debtors' payment history that, as the Bankruptcy Court found, Great Lakes applied payments it received under the Plan from the Chapter 13 trustee to postpetition interest as it accrued. This violated section 502(b)'s prohibition against applying funds from the bankruptcy estate to unmatured, postpetition interest. Great Lakes should have applied the plan payments to principal and prepetition interest only and deferred its claims for postpetition interest until the conclusion of the bankruptcy proceedings. Accordingly, the Court finds that the Bankruptcy Court did not err in finding that the Debtors are liable to ECMC only for the amount of any unpaid postpetition interest that accrued during the pendency of the Chapter 13 case.

## IV. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Memorandum Opinion and Order of the Bankruptcy Court.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for the parties.

**IT IS SO ORDERED.**

[redacted]

to object to Great Lakes' proofs of claim and could not have waived their right to rely on the provisions of section 502(b)(2).