In re Christopher P. BANKS, Diane M. Banks, Debtors.

Christopher P. Banks, Plaintiff,

v.

Sallie Mae Servicing Corp.,

and

Educational Credit Management Corporation, Defendants.

Bankruptcy No. 94–01070.
Adversary No. 00–00114.

United States Bankruptcy Court,
W.D. Virginia,
Charlottesville Division.

May 1, 2001.

Mark Peterson, for Debtor.

Steven Thomas, for ECMC.

Helen Parrish, Chapter 13 Trustee.

### *MEMORANDUM OPINION*

WILLIAM E. ANDERSON,
Bankruptcy Judge.

This matter came upon the adversary proceeding filed by the Debtor, Christopher P. Banks ("Mr. Banks") against Sallie Mae Servicing Corp. ("Sallie Mae"). Educational Credit Management Corporation ("ECMC") was joined as a defendant. The Complaint seeks a declaratory judgment to determine the liability and dischargeability of a student loan debt. ECMC has filed a counterclaim seeking to determine that the student loan post-petition interest is nondischargeable. The parties agreed to dispose with oral arguments and have this Court rule on the matter after the submission of briefs. The parties have also submitted a joint stipulation of facts. Both parties have filed Motions for Summary Judgment. This Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

### *Facts*

Mr. Banks borrowed $23,033.58 under a student loan note dated November 2, 1987. The note has an annual interest rate of nine percent. On July 19, 1994, Mr. Banks and his wife filed their Chapter 13 petition and their Chapter 13 plan. The plan classified the student loan as a Class I claim. The plan stated as follows:

> Class I: Claims consisting of student loans for Debtor Christopher P. Banks. The trustee shall pay all available funds to this Class, which consists of Sallie Mae. During the pendancy [sic] of this case, no interest, penalties, late charges, or costs of collection, including attorney's fees, shall accrue. Payments made by the trustee shall be applied directly to principal and, upon his discharge, Debtor Christopher Banks shall be liable for only the unpaid balance of his prepetition debt. Debtors anticipate this Class will receive $4,029.76 or 12.97% of its allowed proved claim.

On July 20, 1994, the Clerk's office for this Court mailed a copy of the plan along with a "Notice of Commencement of Case Under Chapter 13" to all creditors, including Sallie Mae. Mr. and Mrs. Banks' mailing matrix contained the correct address for Sallie Mae.

A proof of claim was filed by Sallie Mae in the amount of $31,571.01 on August 12, 1994. Sallie Mae assigned its claim to

Great Lakes Higher Education Corporation ("Great Lakes") which was entered as an order by this Court on August 18, 1994.

Mr. and Mrs. Banks filed an amended plan on October 17, 1994 and a second amended plan on October 25, 1994. These plans did not change how the student loan would be treated under the plan. Both of these plans contained the following statement:

> Class I: Claims consisting of student loans for Debtor Christopher P. Banks (Sallie Mae). The Trustee shall pay to this Class $4,104.23, which is 13% of its anticipated allowed proved claim of $31,571.03. During the pendancy [sic] of this case, no interest, penalties, late charges, or costs of collection, including attorney's fees, shall accrue. Payments made by the trustee shall be applied directly to principal and, upon his discharge, Debtor Christopher Banks shall be liable for only the unpaid balance of his prepetition debt.

The second amended plan was mailed to Sallie Mae and Great Lakes by Mr. and Mrs. Banks' attorney on October 24, 1994. The addresses for Sallie Mae and Great Lakes on the mailing matrix were correct. The plan included a Notice of Hearing stating that the confirmation hearing would be held on November 21, 1994. The Notice also stated that objections must be filed within 15 days. The Court confirmed the plan on November 21, 1994. The Order stated that the Trustee would pay Sallie Mae $4,104.23, "IN EQUAL MONTHLY INSTALLMENTS AFTER PAYMENT OF ADMINISTRATIVE CLAIMS. ALL SUCH PAYMENTS SHALL BE APPLIED TO PRINCIPAL. NO INTEREST. PENALTIES, LATE CHARGES, OR COSTS OF COLLECTION (INCLUDING ATTORNEY'S FEES) SHALL ACCRUE." The Court sent a copy of this Order to all creditors.

On January 16, 1996, Mr. and Mrs. Banks filed a third amended plan which was mailed to all creditors. The plan did not change the treatment of student loan. This plan was confirmed on February 27, 1996 and the order was mailed to all creditors.

No objections to confirmation of any of the Banks' plans were filed by Sallie Mae or Great Lakes. None of the confirmation orders were appealed.

On August 21, 1998, Great Lakes assigned its claim to ECMC. ECMC notified this Court of the assignment on October 1, 1998. On December 21, 1999, Mr. and Mrs. Banks received their discharge and the case was closed. Sometime thereafter, ECMC assigned the student loan back to Sallie Mae.

Mr. Banks received a letter from Sallie Mae, dated March 17, 2000, stating that he owed $43,341.95 on his student loan. On May 11, 2000, Mr. Banks filed a motion to reopen his case. In June 2000, Sallie Mae assigned the student loan back to ECMC. Mr. Banks filed this adversary proceeding on July 19, 2000.

### Discussion

The issue for the Court to decide is whether Mr. Banks' confirmed plan, which provided that no post-petition interest shall accrue on his student loan during his bankruptcy, is *res judicata*.

Student loans are nondischargeable in bankruptcy unless the debtor can prove that excepting the debt from discharge would impose an undue hardship 11 U.S.C. § 523(a)(8). Debtors are required to bring an adversary proceeding to determine the dischargeability of their student loans. *In re Andersen*, 179 F.3d 1253, 1258 (10th Cir.1999); *In re Mammel*, 221 B.R. 238 (Bankr.N.D.Iowa 1998); FED. R. BANKR. P. 7001. Bankruptcy courts have denied confirmation of Chapter 13 plans

where the plan purported to discharge student loans. *In re Fox*, 249 B.R. 140 (Bankr.D.S.C.2000); *In re Hensley*, 249 B.R. 318 (Bankr.W.D.Okla.2000); *In re Stevens*, 236 B.R. 350 (Bankr.E.D.Va. 1999); *In re Evans*, 242 B.R. 407 (Bankr. S.D.Ohio 1999). These cases contained plan language that confirmation of the plan constituted a finding that excepting the debtor's student loan from discharge would impose an undue hardship. *In re Conner*, 242 B.R. 794, 795 (Bankr.N.H. 1999).

▆ The bankruptcy code is not clear whether post-petition interest on student loans is nondischargeable. Generally, unsecured creditors are not entitled to post-petition interest. A claim for post-petition interest cannot be paid from the bankruptcy estate. 11 U.S.C. § 502(b)(2). The Supreme Court has held that a creditor may continue to accrue interest during the pendency of a bankruptcy if the underlying debt is nondischargeable. *Bruning v. United States*, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). In *Bruning*, the debtor argued that the IRS was not entitled to collect post-petition interest on a nondischargeable tax debt after he received his discharge. The Court disagreed. The Court distinguished between the prohibition of a creditor collecting post-petition interest from the bankruptcy estate and the accrual of post-petition interest during the pendency of the bankruptcy. *Bruning* at 362–363, 84 S.Ct. at 908–909. The Court reasoned that because Congress had made certain tax debts nondischargeable, it intended for debtors to remain personally liable for these debts after the conclusion of the bankruptcy. Since the debtor's tax debt was nondischargeable, post-petition interest on that debt was also nondischargeable. *Bruning*, 376 U.S. at 363, 84 S.Ct. at 909.

Bankruptcy courts have applied the reasoning in *Bruning* to nondischargeable student loan debts. *In re Leeper v. Pennsylvania Higher Educ. Assistance Agency*, 49 F.3d 98 (3rd Cir.1995); *In re Pardee*, 218 B.R. 916, (9th Cir. BAP 1998). The vast majority of courts have concluded that post-petition interest on student loans are excepted from discharge under 11 U.S.C. § 1328(a)(2). *In re Lawrence v. Educational Credit Management Corp.*, 251 B.R. 467, 471 (E.D.Va.2000) ("Nondischargeability and claim allowance are two separate concepts."); *In re Murphy*, 257 B.R. 72 (Bankr.N.D.Ala.2000); *In re Roa–Moreno*, 208 B.R. 488 (Bankr.C.D.Cal. 1997); *In re Wagner*, 200 B.R. 160 (Bankr. N.D.Ohio 1996); *In re Shelbayah*, 165 B.R. 332 (Bankr.N.D.Ga.1994); *In re Sullivan*, 195 B.R. 649 (Bankr.W.D.Tex.1996). ("Nothing in the Code acted to suspend the *accrual* of interest. The Code merely prevents post-petition interest from being collected from the estate (ever) or from the debtor (during the pendency of the bankruptcy)").

▆ Mr. Banks argues that his confirmed Chapter 13 plan, which stated that post-petition interest would be tolled during the pendency of his bankruptcy, prevented ECMC from accruing post-petition interest on his student loan. Mr. Banks argues that a confirmed plan binds ECMC to the contents of that plan.

▆ As a general matter, the confirmation of a Chapter 13 plan is *res judicata*. *In re Linkous*, 990 F.2d 160, 162 (4th Cir.1993). "Federal Courts have consistently applied *res judicata* principles to bar a party from asserting a legal position after failing, without reason, to object to the relevant proposed plan of reorganization or to appeal the confirmation order." *In re Varat Enterprises*, 81 F.3d 1310, 1315 (4th Cir.1996). The bankruptcy rules provide only a limited set of circumstances

in which to collaterally attack a confirmed plan. A complaint to revoke an order confirming a Chapter 13 plan may only be filed within the time allowed in § 1330. FED. R. BANKR. P. 9024(3). Section 1330(a) provides that a party may only seek to revoke a confirmation order within 180 days of entry of that order. Furthermore, the only grounds for revocation is if the order was procured by fraud. *In re York*, 250 B.R. 842, 845 (Bankr.D.Del.2000); 11 U.S.C. § 1330(a). In this case, the time limit to challenge Mr. Banks' confirmed plan has expired. However, ECMC maintains that it is not bound by the contents of Mr. Banks' plan because, 1) it did not receive proper notice of the plan, and 2) the plan contains illegal language in violation of 11 U.S.C. §§ 523(a)(8) and 1328(a).

■ A party with adequate notice of a bankruptcy proceeding cannot challenge a confirmed plan. *In re Harvey*, 213 F.3d 318, 321 (7th Cir.2000). ECMC argues that did not receive adequate notice of the plan. ECMC argues that by merely receiving a copy of the plan without Mr. Banks filing an adversary proceeding to determine the dischargeability of a student loan, ECMC was denied due process. ECMC points to *In re Linkous*, 990 F.2d 160 (4th Cir.1993) and *Cen–Pen Corporation v. Hanson*, 58 F.3d 89 (4th Cir.1995) in support of its position. The Court finds these cases clearly distinguishable from the case at bar.

In *Linkous*, the debtor had two secured loans from the creditor for $18,000.00 and $4,000.00. These loans were secured by a mobile home and a car. The debtor's plan only treated $6,000.00 of the mobile home and $1,000.00 of the car as secured. The creditor was mailed a plan summary which stated that the debtor would make payments to the chapter 13 trustee of $179.00 per month for 36 months. The plan summary stated that unsecured creditors would received 10% of their claim. The plan summary also stated that a monthly payment of $100.00 would be paid by the trustee for the mobile home. The plan summary did not mention the car loan or state that the secured loans would be treated as partially secured. The Court held that this was inadequate notice. The Court ruled that the debtor needed to inform the secured creditor that it was reclassifying its claim pursuant to 11 U.S.C. § 506(a). *Linkous* at 163.

In *Cen–Pen*, the secured creditor had a lien on the debtors' residence. The debtors' plan treated Cen–Pen as an unsecured creditor entitled to 25% of its claim. The plan further provided that the lien would be avoided. Cen–Pen did not object to confirmation of the plan. The Court held that the lien was not extinguished. The Court pointed out that liens generally pass through bankruptcy unaffected. *Cen–Pen* at 92 citing *Dewsnup v. Timm*, 502 U.S. 410, 418, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992). The Court held that the debtors needed to take an affirmative step to avoid the lien. The Court stated that the debtors should have filed an adversary proceeding to determine the validity of Cen–Pen's lien. *Id.* at 93.

In this case, ECMC was the holder of an unsecured claim against Mr. Banks. Mr. Banks' plan did not attempt to change the status of ECMC's claim. Nor did Mr. Banks' plan attempt to extinguish ECMC's claim. Furthermore, Mr. Banks' plan did not contain any deceptive information, which would constitute a lack of adequate notice. See *In re Deutchman*, 192 F.3d 457, 461 (4th Cir.1999). The language of Mr. Banks' plan was clear that post-petition interest would not accrue during the plan. There is no dispute that ECMC's predecessor received copies of Mr. Banks' plans containing this statement. If ECMC

was confused about the plan or did not like the plan, it should have objected to confirmation. "[I]t is perfectly reasonable to expect interested creditors to review the terms of a proposed plan and object if the terms are unacceptable, vague, or ambiguous." *In re Harvey*, 213 F.3d at 322. See also *In re Fowler*, 1998 WL 748643, *5 (Bankr.E.D.Va.1998) ("The burden is on the creditor to object to a plan that contains objectionable or ambiguous terms; otherwise, parties assume the risk that they will be bound by undesirable terms if they fail to object to such a plan"). The Court concludes that ECMC received proper and adequate notice of the plan. The Court will now address ECMC's argument that the plan contained illegal language.

■ The bankruptcy code provides that certain requirements must be met before the court can confirm a Chapter 13 plan. 11 U.S.C. §§ 1322, 1325. The bankruptcy code further provides that a Chapter 13 discharge does not discharge student loans. 11 U.S.C. § 1328(a). However, the bankruptcy code provides that confirmation of a Chapter 13 plan binds each creditor whether or not such creditor has objected, accepted, or rejected the plan. 11 U.S.C. § 1327(a). While this Court agrees with ECMC that Mr. Banks' plan should not have contained language tolling post-petition interest on his student loan, the Court believes that the finality of confirmation makes the post-petition interest tolling provision *res judicata*. "[A]fter the plan is confirmed the policy favoring the finality of confirmation is stronger than the bankruptcy court's and the trustee's obligations to verify the plan's compliance with the Code." *In re Andersen*, 179 F.3d at 1258 citing *In re Szostek*, 886 F.2d, 1405, 1406 (3rd Cir.1989). See also *Spartan Mills v. Bank of America, Illinois*, 112 F.3d 1251, 1255 (4th Cir.1997) ("The judi-

cial system's need for order and finality requires that orders of courts having jurisdiction to enter them be obeyed until reversed, even if proper grounds exist to challenge them.")

This case is nearly identical to the case of *In re Pardee*, 218 B.R. 916 (9th Cir. BAP 1998). In *Pardee*, the male debtor had a student loan with Great Lakes. Great Lakes filed a proof of claim for $26,015.22. The claim did not seek either pre-petition or post-petition interest. The debtors' plan contained the following statement: "Great Lakes Education shall receive the total amount of $26,235.00 for its claim and any remaining unpaid amounts, if any, including claims for interest, shall be discharged by the plan." *Pardee* at 918. Great Lakes did not object to the plan and the plan was confirmed. After the debtors received their discharge, Great Lakes attempted to collect $6,095.22 in post-petition interest. The Court agreed with Great Lakes that post-petition interest on student loans is nondischargeable. *Pardee* at 921. However, the Court held that Great Lakes' failure to object to the confirmation of the plan, constituted a waiver of its right to collect post-petition interest after the bankruptcy was completed. *Pardee* at 922.

The Court does not approve of debtors using the type of language contained in Mr. Banks' plan to toll post-petition interest on nondischargeable debts. Debtors should bring adversary proceedings to address changes they wish to make regarding their student loans. Yet since the Court is dealing with a confirmed plan, the judicial policy of favoring finality of confirmation must prevail in this case. This is especially important considering that Mr. Banks has completed his plan and received his discharge.

The Court is disturbed that ECMC applied a portion of the payments it received

from the Chapter 13 trustee to post-petition interest. ECMC also admits that post-petition interest was recapitalized into principal. This is clearly impermissible under § 502(b). *Educational Credit Management Corporation v. Kielisch,* 252 B.R. 338 (E.D.Va.2000).

The Court therefore rules as follows: ECMC's Motion for Summary Judgment is denied. ECMC's counterclaim is also denied. The Court grants Mr. Banks' Motion for Summary Judgment having found that there is no genuine issue of material fact in this case. The Court orders ECMC to recalculate the total amount owed on Mr. Banks' student loan. If the amount cannot be agreed upon, the parties may notice this Court for a hearing on this matter.

### ORDER

This matter came upon the adversary proceeding filed by the Debtor, Christopher P. Banks ("Mr. Banks") against Sallie Mae Servicing Corp. ("Sallie Mae"). Educational Credit Management Corporation ("ECMC") was joined as a defendant. The Complaint seeks a declaratory judgment to determine the liability and dischargeability of a student loan debt. ECMC has filed a counterclaim seeking to determine that the student loan post-petition interest is nondischargeable. The parties agreed to dispose with oral arguments and have this Court rule on the matter after the submission of briefs. The parties have also submitted a joint stipulation of facts. Both parties have filed Motions for Summary Judgment. This Court has jurisdiction under 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2).

For the reasons stated in the accompanying Memorandum Opinion, the Court denies ECMC's Motion for Summary Judgment. ECMC's counterclaim is also denied. The Court grants Mr. Banks' Motion for Summary Judgment having found that there is no genuine issue of material fact in this case. The Court orders ECMC to recalculate the total amount owed on Mr. Banks' student loan. If the amount cannot be agreed upon, the parties may notice this Court for a hearing on this matter.